DANIEL K. REEDER *vs.* WALTER L. JONES.

*Assumpsit—Real Estate Agent; Not Licensed—Contract for sale of Real Estate.Illegal; Cannot be Enforced—Evidence.*

1.  A clerk of the Peace, being the custodian of the records of his predecessor in office, may testify from an inspection of such records whether or not a certain person was licensed as a real estate agent.

2.  A contract made by a person engaged in the real estate business as a real estate agent, who had no license at the time authorizing him to act as a real estate agent in this State, is illegal, and no recovery can be had thereon. No person can legally engage in such business in this State without first having produced a license therefor.

(*May* 2, 1902.)

LORE, C. J., and SPRUANCE and BOYCE, J. J., sitting.

*Arley B. Magee* for plaintiff.

*James H. Hughes* and *James L. Wolcott* for defendant.

Superior Court, Kent County, April Term, 1902.

ACTION OF ASSUMPSIT (No. ——, April Term, 1899), to recover the sum of $100, with interest from July 13, 1897, for work and labor done by the plaintiff for the defendant under a promise to pay. The action was based upon the common counts, and also on the special count for the sale of a farm in Mispillion Hundred by the plaintiff, for which the defendant, it was alleged, promised to pay the plaintiff the above mentioned sum for his services in and about effecting said sale.

The pleas were non assumpsit, payment, discount, set-off and statute of limitations. Reps and issues.

At the trial the plaintiff Reeder testified in substance that in 1896 he was engaged in the business of selling real estate, having his office in the town of Dover; that the defendant Jones, during that year, placed a farm owned by him in Mispillion Hundred in the hands of Reeder for sale and agreed to give the latter $100 for his services, if he would sell the farm for $2,000; that the defendant did not mention the subject of commissions, but simply stated that he would pay the plaintiff the said amount

for his services; that later the plaintiff sold the farm to Rev. Frederick J. Schultz, of Ohio, through the agency of a Rev. Mr. Henselman of Fullerton, Maryland, to whom he paid $50 for the latter's services; that Mr. Schultz, the purchaser, sent Mr. Jones $100 on account of the purchase price of the farm and that later the plaintiff and Mr. Henselman handed over to the defendant $900 as a further payment by the purchaser on the price of the farm; that after depositing the draft for $900 in the bank the defendant said to the plaintiff "I cannot pay you this $100 to-day, as I need all this money in my business, but if you can possibly get along until the other $1000 is paid, I will pay you the $100 without a word"; that the plaintiff agreed to wait as requested; that on July 13, 1897, the remaining $1,000 was paid to the defendant, but that he had failed to pay the amount to the plaintiff as promised; that the therefore brought suit for the $100 with interest from July 13, 1897.

On cross examination the plaintiff was asked by Mr. Hughes if he had a license as a real estate agent in 1896 and 1897. This was objected to by Mr. Magee, on behalf of plaintiff, on the ground that it would tend to incriminate the plaintiff, and further that it was not in cross-examination; also on the further ground of irrelevancy, because the suit was not for commissions for the sale of real estate but for services rendered. Hughes for defendant contended that the law required a license for such a business as the plaintiff had stated he was engaged in, and if there was not such license obtained, then the plaintiff was engaged in an unlawful business, and any contract he might have made was an illegal contract. (*Rev. Code*, 56).

LORE, C. J.:—A majority of the Court think the question is not admissible in cross examination.

*Charles Reeder* and *Frederick Schultz* corroborated the main points of the testimony of the plaintiff.

The defendant testified in effect that while he had casually mentioned to the plaintiff on one occasion that he had a farm for sale and that afterwards the plaintiff cme to see him, there was no understanding or agreement between them about tha sale of the farm. That Mr. Henselman had come to see the de-

fendant about the farm and that all the transactions he had in the matter were directly with the parties and that the plaintiff's connection with it was as a real estate agent representing the purchaser.

The defendant produced *Robert S. Downs* as a witness, who testified that he was Clerk of the Peace for Kent County and as such officer issued licenses to real estate agents doing business in Kent County; that he was not Clerk of the Peace in 1896 and 1897, but that he had the records of such licenses issued by his predecessor in office, of which records the witness was custodian, they being kept in his office; that he had personally examined said records for the years mentioned. That the record was kept in a book where entries were made giving the name of the party procuring a license and the occupation, etc. That in addition he also had the stubs of the licenses issued.

The witness was then asked by Mr. Hughes the following question: Did you find from an examination of the books of record in your office that a license was issued to Daniel K. Reeder as a real estate agent in 1896 or 1897?

*Mr. Magee* objected to the question as not the best evidence; contending that the stub of the license was the original record and the best evidence, and further that the witness was not Clerk of the Peace at the time and was not the proper person to testify upon the subject matter inquired about, and that there was no proof that the record was regularly and fairly kept.

*Mr. Hnghes* contended that it was a record of the office required to be kept by the Clerk of the Peace, citing *Revised Code*, 59.

LORE, C. J.:—We overrule the objections. The witness may answer the question.

A.   No sir.

After the testimony on both sides was closed, Hughes, for defendant, asked the Court to direct the jury to return a verdict for the defendant, for the following reasons:

(1) Because from the uncontradicted evidence, the plain-

tiff was engaged in a business without having a license therefor as required by law.

(2) That there was no contract proved; nor could a contract be presumed by which the plaintiff could charge the defendant for services rendered in such an illegal business.

LORE, C. J., charging the jury:

Gentlemen of the jury:—It having been proved by the plaintiff in this case, and not disputed, that said plaintiff was at the time of the alleged contract engaged in the real estate business as a real estate agent, and it appearing from the evidence of the defendant that he had no license at that time authorizing him to act as a real estate agent in this State, and as the law requires that no person shall engage in such business without first procuring a license therefor; we therefore say to you that the plaintiff's action was illegal and that the contract was an illegal contract, and therefore instruct you to return a verdict for the defendant.

Verdict for defendant.