E. A. STROUT COMPANY, a corporation existing under the laws of the State of Maine, *vs.* ALFRED P. HOWELL and MARY J. HOWELL.

CORPORATIONS—FAILURE TO OBTAIN LICENSE—FOREIGN CORPORATIONS.

A foreign corporation cannot recover on a contract made with it as a real estate broker, where it has failed to obtain a license as such, though it has complied with the laws governing foreign corporations, and its representative, through whom the transactions relied on were effected, was a duly licensed real estate broker.

(*December* 19, 1911.)

PENNEWILL, C. J., and BOYCE, J., sitting.
*Alex. B. Cooper* and *Richard H. Rodney* for plaintiff.
*Levin Irving Handy* for defendant.
Superior Court, New Castle County, November Term, 1911.
SUMMONS CASE (No. 40, March Term, 1910).
(See also 3 *Boyce*—82 *Atl.* 1081, and 85 *Atl.* 666.)

This was a general demurrer to the replication of the plaintiff to a special plea of the defendants. The said plea was in the following language:

"5. And for further plea in this behalf, the said defendants, by like leave, say that the said plaintiff ought not to have or maintain its aforesaid action against them, because they say that the said plaintiff did not have a license at the time when the transactions mentioned in its said declaration are alleged to have occurred, from the State of Delaware to be engaged in, prosecute, or follow within the limits of this state the business or pursuit of a real estate agency. And this the said defendants are ready to verify. Wherefore they pray judgment, if the said plaintiff ought to have or maintain its aforesaid action thereof against them."

And the replication to the above plea was as follows:

"To the fifth plea of the said defendant, the said plaintiff says, *precludi non*, Because it says, that before and at the time of the commencement of this suit and at the times when the transactions mentioned in the said declaration occurred, it was a foreign corporation existing under the laws of the State of Maine, and having complied with all the requirements of the Act of Assembly

of the State of Delaware in that behalf, was duly authorized under the provisions of said Act of Assembly, to do business in this state through or by branch offices, agents or representatives located in this state. That one Joshua Zepp was then and there and at the times mentioned in the said declaration, a duly licensed real estate agent under the laws of the State of Delaware, to wit: at New Castle County aforesaid and was then and there the duly authorized and appointed agent or representative of the said plaintiff, and acted as such and in its behalf in the transactions aforesaid, and the sale of the property mentioned in the said declaration was effected by said agent, and the said several promises and undertakings mentioned in said declaration were made by said defendants to and with the said Joshua Zepp as the agent or representative of the said plaintiff as aforesaid.

"And this the said plaintiff is ready to verify.

"Wherefore, etc., etc."

PENNEWILL, C. J., delivering the opinion of the court:

We have very carefully read and considered the opinion of the Supreme Court given in the case of *Model Heating Company v. Magarity*, (*ante* 459, 81 *Atl.* 394,) and fail to find that the case of *Reeder v. Jones*, 6 *Penn.* 66, 65 *Atl.* 571, is in any manner or to any extent overruled or disapproved. On the contrary we think the law laid down by the court in their charge to the jury in the latter case is rather approved than disapproved. At any rate the court distinguished the two cases, and it cannot be said that the decision in the *Reeder case* was in fact or in principle overruled by the Supreme Court decision. Inasmuch, therefore, as this court has decided that a contract made with an unlicensed real estate dealer is not enforceable at the suit of said dealer, we hold that the plaintiff in this case, who was a real estate broker and had failed to take out a license, as appears from the pleadings, cannot enforce the collection of its claim under the laws of the state. If the *Reeder case* should be overruled, we are of the opinion that it should be done by the Supreme Court and not by this court.

The demurrer is sustained.