GARDEN SPOT AIR PARK, INC., a Pennsylvania corporation, appellant, v. DENSON INSURANCE AGENCY, INC., a Pennsylvania corporation, Appellee.

*(November 2, 1962.)*

SOUTHERLAND, Chief Justice, and WOLCOTT, Justice, and MARVEL, Vice Chancellor, sitting.

*John M. Bader* (of Bader and Biggs) for appellant.

*David Snellenburg, II* (of Killoran and Van Brunt) for appellee.

Supreme Court of the State of Delaware, No. 34, 1962.

SOUTHERLAND, C. J.:

Plaintiff Garden Spot brought an action for damages against defendant, Denson, based on an alleged wrongful cancellation of an insurance policy in which plaintiff claims an interest. Both parties are Pennsylvania corporations. Denson has not qualified to do business in Delaware, and service was made upon the Secretary of State under 8 *Del. C.* § 353. The section provides in part:

"Any foreign corporation which shall transact business in this State without having qualified to do business under section 341 of this title shall be deemed to have thereby appointed and constituted the Secretary of State of this State, its agent for the acceptance of legal process in any civil ac-

tion, suit, or proceeding against it in any State or Federal Court in this State arising or growing out of any business transacted by it within this State."

Denson moved to quash the service and dismiss the action. The motion was heard upon affidavit and interrogatories, and was granted. Garden Spot appeals.

The question presented is the familiar one: What constitutes "transacting business" within the State?

In *Klein v. Sunbeam Corp.*, 8 Terry 526, 47 Del. 526, 94 A. 2d 385, we held:

"The question of what constitutes 'doing business' in a state other than that of incorporation has been passed upon repeatedly by the federal courts. The process of judicial decision has culminated in *International Shoe Co. v. Washington*, 326 U. S. 310, 66 S. Ct. 154, 90 L. Ed. 95, which laid down the rule that a foreign corporation is doing business in a state sufficiently to constitute corporate presence in that state when the business done amounts to solicitation of business with some additional evidence of business activity within the confines of the state. Largely upon the authority of the *International Shoe Co.* case, the court below denied the defendant's motion to quash the service of process."

However, we also noted in that case the effect of provisions of § 2247 of the *Code of* 1935 (now 8 *Del. C.* § 343). That section specifies various sets of circumstances the existence of any of which exempts foreign corporations from registering in this State. We held that the existence of such circumstances also exempts the corporation from the service of process of our courts. 8 Terry 526, 47 Del. 532, 94 A. 2d 385. The effect is to limit the broad effect of the federal rule above referred to. By the recent Act of December 28, 1961, 53 *Del. L.* c. 265, it is provided that the provisions of § 343 shall not apply in determining whether a corporation is transacting

business. However, the present suit, which was filed on June 7, 1961, is not governed thereby. § 343 specifies five sets of conditions which, as above shown, exempt the foreign corporation from service in Delaware.

Paragraphs (2) and (4) provide:

"(2) If it employs salesmen, either resident or traveling, to solicit orders in this State, either by display of samples or otherwise (whether or not maintaining sales offices in this State), all orders being subject to approval at the offices of the corporation without this State, and all goods applicable to the orders being shipped in pursuance thereof from without this State to the vendee or to the seller or his agent for delivery to the vendee, and if any samples kept within this State are for display or advertising purposes only, and no sales, repairs, or replacements are made from stock on hand in this State.

"(4) If its business operations within this State, although not falling within the terms of paragraphs (1), (2), and (3) of this section, or any of them, are nevertheless wholly interstate in character."

These sections, read together, sufficiently indicate an intention to exempt from service a corporation that has done no more business in Delaware than Denson has done in this case.

First, all of defendant's officers, directors and managers reside out of this State. It has no agent or office here. It has registered with the Insurance Commissioner as a non-resident insurance broker.

Second, the only corporate acts performed in Delaware were these:

In 1958 or 1959 Levinson, its president and managing agent, came to Wilmington to photograph the Wilmington

store of a Philadelphia concern in connection with the sale of insurance to that concern, and later sold insurance to that concern covering 15 or 18 stores operated by it, including the Wilmington store.

In June, 1960, Levinson solicited in Delaware insurance covering the aircraft mentioned in the complaint, and thereafter submitted by mail an estimate of costs. Denson is the agent for the collection of premiums on the policy on the aircraft.

In May, 1961, following a meeting in Philadelphia with the Philadelphia partner of a Wilmington concern, Levinson solicited from the Wilmington partner in Wilmington the purchase of a policy of insurance.

These three isolated acts, over a period of two or three years, do not in our opinion constitute the doing of business in this State within the meaning of § 353 as limited by § 343 prior to the amendment of 1961. They amount to nothing more than occasional solicitations and, in one case, receiving premiums by mail.

Plaintiff stresses the registration of defendant under the insurance laws. We are not referred to the applicable statute, but we assume it to be 18 *Del. C.* § 2106. This section provides:

"Insurance brokers of any other state shall be permitted to solicit, negotiate and effect contracts of insurance within this State in companies authorized to do business in this State."

We assume (although counsel have not advised us) that the Insurance Commissioner keeps a register of such non-resident brokers.

This statute seems to us to emphasize the status of the broker as a non-resident. It appears to be a legislative recog-

nition of the right of such a non-resident broker to solicit insurance for authorized companies without subjecting himself to other requirements for doing business in Delaware. Of course, such a non-resident broker might so extend his business activities as to make himself subject to service under § 353. But that is not shown here.

We are of opinion that the service was properly quashed.

The judgment below is affirmed.