The CROWELL CORPORATION, a Corporation of the State of New York

v.

TOPKIS CONSTRUCTION COMPANY

v.

ALL–WEATHER ROOFING CO., West Jersey Air Conditioning & Heating Co., and Peter Domanski.

Superior Court of Delaware, New Castle.

June 23, 1970.

John Biggs, III, Wilmington, for Topkis Construction Co.

Jacob Balick, Wilmington, for West Jersey Air Conditioning & Heating Co.

## OPINION

CHRISTIE, Judge.

Defendant Topkis Construction Company contracted to build for plaintiff Crowell Corporation a plant at Newport, Delaware, for the sum of $338,000.00.

Crowell negotiated a separate contract in respect to the heating, air conditioning, ventilating, and steam processing work to be done at the plant with West Jersey Air Conditioning & Heating Co. West Jersey obtained a "one job only" license and thereupon embarked upon the necessary work contracted by it to be done during a period of time from July to December, 1965. The contract price for West Jersey's work was in excess of $30,000.00.

Later, the Crowell Corporation filed suit against defendant Topkis Construction Company and others for damages on account of alleged defects in the construction of the building.

Defendant, third party plaintiff, Topkis Construction Company then filed a third party complaint against third party defendant West Jersey Air Conditioning & Heating Co. alleging that plaintiff contracted separately with West Jersey for heating, air conditioning, ventilating and steam processing and that West Jersey may be liable to defendant, third party plaintiff, Topkis Construction Company for contribution for loss occasioned by the failure of West Jersey to properly design the installation for the heating and steam processing equipment.

West Jersey has moved to dismiss the third party complaint pursuant to Rule 12(b), Del.C.Ann.

Service upon West Jersey, a New Jersey Corporation, was made pursuant to 8 Del. C. § 321 by service upon the Secretary of State of Delaware who mailed the process to West Jersey. None of the officers, nor management personnel or directors reside in Delaware and West Jersey has no offices nor property in Delaware.

In fourteen years of active business, West Jersey has done only the following business in Delaware:

"(a) In June 2, 1960, supplied 5 coils along with some engineering application to an amount of $2,000 to plaintiff, Crowell Corporation.

(b) In 1965 it performed services for Crowell in connection with the construction of the building which is the subject of this law suit."

West Jersey contends that the business which it did in Delaware did not constitute "the transaction of business" in Delaware and that substituted service was improper. It is contended that what West Jersey did in Delaware did not amount to a "course or practice of carrying on any business activities in this State including—the solicitation of business or orders in this State"

within the meaning of 8 Del.C. § 382. The statute reads as follows:

"(a) Any foreign corporation which shall transact business in this State without having qualified to do business under section 371 of this title shall be deemed to have thereby appointed and constituted the Secretary of State of this State, its agent for the acceptance of legal process in any civil action suit, or proceeding against it in any State or Federal Court in this State arising or growing out of any business transacted by it within this State. The transaction of business in this State by such corporation shall be a signification of the agreement of such corporation that any such process when so served shall be of the same legal force and validity as if served upon an authorized officer or agent personally within this State.

(b) The provisions of section 373 of this title shall not apply in determining whether any foreign corporation is transacting business in this State within the meaning of this section; and "the transaction of business" or "business transacted in this State," by any such foreign corporation, whenever those words are used in this section, shall mean the course or practice of carrying on any business activities in this State, including, without limiting the generality of the foregoing, the solicitation of business or orders in this State. The provisions of this section shall not apply to any insurance company doing business in this State."

I find West Jersey's contention to be without merit. The record shows that West Jersey solicited business here and received a contract to do a substantial job in Delaware. It came to Delaware to perform under its contract and it got a license to permit it to do so. The litigation which has ensued deals with the work it is alleged to have contracted to do in this State.

The case represents an example of a proper and just application of the so-called long arm statutes and falls clearly within the wording of the Delaware statute.

I find that West Jersey did in fact engage in a course or practice of carrying on business activities in this State and did solicit business here. Service on the Secretary of State as agent for the corporation under the provisions of 8 Del.C. § 321 was proper under the circumstances.

The chief case cited by West Jersey, Klein v. Sunbeam Corp., 8 Terry 526, 94 A.2d 385 (1952), was decided under a prior and less inclusive statute and so also was Garden Spot Air Park, Inc. v. Denson Ins. Agency, Inc., 5 Storey 173, 185 A.2d 483 (1962). Although this case was decided after the statute was changed the service at issue had been made while the old law was still applicable.

In the *Garden Spot* case, *supra*, the Supreme Court held that the broad effect of the liberal federal rule as to what constitutes doing business in a particular state was limited by the provisions of restricting Delaware statutes as they existed prior to December 28, 1961. The prior statute was deemed to exempt certain foreign corporations from service of process in Delaware by virtue of provisions which exempted such corporations from requirements to register as doing business in Delaware.

Such has not been the law in Delaware since the 1961 amendment of the statute. The amendment freed the definition of "doing business" from the restrictions previously imposed on it. The "broad effect of the federal rule" as it was referred to by the Delaware Supreme Court in the *Garden State* case, *supra*, now finds full scope in Delaware restricted only by the specific wording of the present statute. The general scope of long arm statutes is the topic of much litigation but West Jersey's contacts in Delaware in connection

with its contract and the fact that the litigation involves the business which was transacted here brings this case well within the "minimal contacts" tests laid down in the leading case of International Shoe Co. v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945).

As early as 1928, before the so-called broad federal approach had evolved, a foreign corporation which engaged in construction work as distinguished from a mere installation of an article, even though it engaged in a single construction contract, was generally regarded as doing business within a state for the purpose of substituted service of process. See annotation at 55 A.L.R. 726. See also 16 U. of Chicago L.Rev. 528.

The other question raised by West Jersey's motion to dismiss is the adequacy of the third party complaint in stating a cause of action against West Jersey. Since West Jersey contracted only with plaintiff, it may be viewed as an independent contractor on the job rather than a sub-contractor. How then could it be liable to Topkis for any part of a judgment which may be rendered against Topkis?

At oral argument it became apparent that factual disputes exist as to West Jersey's duties under its contract with plaintiff and also as to the cause of a failure which occurred when West Jersey placed heavy equipment on the floor of the building. An accurate appraisal of West Jersey's possible liability is not feasible on the record as it now stands. Liability may be proved within the framework of the pleading.

It cannot be said as a matter of law that the complaint states no ground upon which relief can be granted.

West Jersey's motion to dismiss is denied.

It is so ordered.