**BOND ASSOCIATES, INC., Plaintiff Below, Appellant,**

v.

**CONTINENTAL ARMS, INC. and Dante Fala, Defendants Below, Appellees.**

Supreme Court of Delaware.

Aug. 3, 1973.

---

**876**

Frederick Knecht, Jr., of Knecht, Greenstein & Berkowitz, Wilmington, for plaintiff below, appellant.

C. Waggaman Berl, Jr., of Booker, Green, Shaffer, Berl & Wise, Wilmington, for defendants below, appellees.

CAREY and HERRMANN, Justices, and DUFFY, Chancellor, sitting.

CAREY, Justice:

The appellant, Bond Associates, Inc. (Bond) is a Pennsylvania corporation which brought an action in Superior Court against the appellees, Continental Arms, Inc. (Continental) and Dante Fala (Fala), to recover the amount allegedly due on two bonds executed on October 15, 1968, in the amount of $14,780 each. A third bond in the same amount had previously been paid. The total of the three bonds represented the amount claimed by Bond to have been earned by it in procuring loans for Continental for the purchase of land near Newark, Delaware, and the construction of an apartment building thereon. The principal owner and operator of Bond is John C. Harrington (Harrington), a resident of Pennsylvania; Fala is the sole owner and operator of Continental.

At a jury trial, several issues of fact were decided in Bond's favor by the jury, which returned a verdict for the plaintiff below. The trial Judge, however, later entered judgment in favor of the appellees because neither Bond nor Harrington had a license to do business in Delaware. The trial Judge considered the transaction as a "package deal" in which Harrington had acted as a real estate agent as well as a money broker. He held that 24 Del.C. Ch. 29, which requires a real estate license to conduct that business in Delaware, is regulatory in nature and not merely revenue-raising; that Bond would not have been permitted to bring suit in Delaware for the real estate commission; and that this disability to sue extends also to the present claim because of the "package" nature of the whole transaction. E. A. Strout Co. v. Howell, Del.Super., 2 Boyce 489, 82 A. 238 (1911); Mendolia v. Zakrzewski, Del. Super., 2 Terry 354, 22 A.2d 835 (1941).

I

The appellant first contends that it did not act as a real estate agent in this matter, and served only as a money broker, concerning which there is no regulatory statute comparable to 24 Del.C. Ch. 29.

We are of the opinion that the trial Judge committed error in treating this transaction as a "package deal." It is clear that the real estate commission was paid to another Pennsylvania corporation entitled Four Hundred Realty Corporation (Four Hundred), of which Harrington (according to his uncontradicted testimo-

ny) is an assistant secretary solely for the purpose of signing checks in connection with his management of a property for that corporation. There is no evidence in this record to show that either he or Bond in fact received any part of the real estate commission paid by the sellers, and this suit was not brought to recover a commission for the sale. Whether or not Harrington served Four Hundred in this instance is a matter unconnected with the present suit.

## II

Fala further contends that Bond is barred from bringing the present action by 8 Del.C. § 383(a) because it failed to comply with the provisions for registration (8 Del.C. § 371). Certain corporations, however, are excluded from the requirement of registration by 8 Del.C. § 373. One of those exceptions is a corporation whose business operations with the State are wholly interstate in character.

We need not here attempt to define the precise meaning of the term "business operations within this State;" in our opinion, the activities of Harrington for Bond fall within this exception. Only one loan was made by a Delaware lender; this was a bank which took a first mortgage for the purchase price and anticipated construction costs. That loan was made only after Harrington had secured a commitment from a New York corporation to take over the mortgage after construction was completed. All other loans were obtained from lenders in Pennsylvania and other states. The mere fact that Delaware real estate happened to be the security for the various loans is insufficient to deprive the transaction of its interstate character.

For the foregoing reasons, the decision below must be reversed and the case remanded for entry of judgment pursuant to the verdict.