John J. COYLE, III, Executor of the Estate of John J. Coyle, Deceased, and John J. Coyle Company, a corporation of the Commonwealth of Pennsylvania, Plaintiffs,

v.

Robert H. PEOPLES et al., Defendants.

Superior Court of Delaware,
New Castle.

Argued Sept. 19, 1975.

Decided Dec. 18, 1975.

Paul E. Crawford, and John R. Bowman, of Connolly, Bove & Lodge, Wilmington, for plaintiffs.

Gerald C. Foulk, of Miller & Foulk, Wilmington, for defendants.

CHRISTIE, Judge.

In 1963, the defendants Mr. and Mrs. Robert H. Peoples listed their property located on Kirkwood Highway in New Castle County, Delaware, for sale and/or rent with defendant Carroll W. Griffith Company. The late John J. Coyle, Jr., then the owner and operator of a Pennsylvania real estate company, found parties, Mr. and Mrs. C. R. Koelle, Jr., interested in the property. On July 30, 1963, the Peoples and the Koelles executed a lease and option to purchase agreement with regard to the property.

On March 31, 1964, the Peoples entered into an agreement with Coyle and Griffith to compensate them for securing the lease/purchase agreement. The agreement called for payment to Griffith and Coyle of an annual commission of five percent of the net annual rental income and a commission of six percent of the gross sales price upon the exercise of the option.

Although he was never licensed as a real estate broker in Delaware, Coyle received rental commissions regularly through 1972, the year of his death. Coyle, however, received no commission when, on July 17, 1971, the option was finally exercised and the property was sold to Midway Volkswagen for $171,315.00.

The plaintiffs seek payment of this real estate sales commission of $5,139.45. Asserting that there are no genuine issues of material fact, plaintiffs move for summary judgment. Plaintiffs point out that defendants admit or fail to dispute all critical elements of plaintiffs' cause of action, i. e., the execution of the March, 1964, agreement, its essential terms, the "valuable services" performed by Coyle in locating lessees for the property, the eventual sale of the property, and the non-payment of sales commission from the July, 1971, sale to either Coyle, his company, or his estate.

Defendants move for dismissal under Civil Rule 12(b)(6) arguing that

(1) Coyle misrepresented himself to defendants as being licensed in Delaware, (2) Coyle, an unlicensed real estate broker, cannot enforce an agreement for commissions, and (3) Coyle's real estate company, an unqualified foreign corporation, cannot enforce an agreement for commissions.

After a thorough examination of the record, I am satisfied that there are no essential facts in dispute. I will, therefore, consider the parties' arguments in turn.

Since plaintiffs' motion for summary judgment is dependent upon the enforceability of the March, 1964, agreement, it is appropriate to begin with defendants' arguments attacking the enforceability of that agreement.

Initially, defendants assert that Coyle misrepresented himself as a real estate broker licensed in Delaware. This allegation should suggest fraud on the part of Coyle and some material loss on account thereof;

however, defendants have failed to state with particularity in the pleadings, as required by Superior Court Civil Rule 9(b), the circumstances constituting the alleged fraud. *Twin Coach Company v. Chance Vought Aircraft, Inc.,* 2 Storey 588, 52 Del. 588, 163 A.2d 278 (1960). There is also no evidence that the alleged fraud damaged the defendants. The defense of fraud has not been adequately raised and will not be considered by this Court.

Defendants' other two arguments focus on the alleged unenforceability of the agreement: (1) because Coyle was not licensed as a real estate broker in Delaware,[1] and (2) because his Pennsylvania-based real estate company was not qualified to do business in Delaware.[2] Defendants argue that Coyle's failure to comply with these statutes renders the agreement void and unenforceable, citing *Reeder v. Jones,* 6 Penn. 66, 65 A. 571 (1902) and *E. A. Strout Co. v. Howell,* 4 Boyce 31, 85 A. 666 (1913) as authority.

[1]. 24 Del.C. § 2901(a)(1) defines a real estate broker as:
> " . . . any person who, for a compensation or valuable consideration, sells or offers for sale, buys or offers to buy, or negotiates a purchase, sale or exchange of real estate or who leases or offers to lease or rents or offers for rent any real estate or the improvements thereon for others, as a whole or partial vocation . . . "

24 Del.C. § 2906, the Delaware real estate broker licensing statute, provides:
> "No person, copartnership, association or corporation shall act as a real estate broker or real estate salesman, or advertise or assume to act as such real estate broker or real estate salesman without being registered and without a certificate of registration issued by the Commission.
> No copartnership, association or corporation shall be granted a certificate unless every member or officer of such copartnership, association or corporation who actively participates in the brokerage business of such copartnership, association or corporation holds a certificate as a real estate broker and unless every employee who acts as a salesman for such person, copartnership, association or corporation holds a certificate as a real estate salesman."

[2]. 8 Del.C. § 371(b)
> "(b) No foreign corporation shall do any business in this State, through or by branch offices, agents or representatives located in this State, until it shall have paid to the Secretary of State of this State for the use of this State, $50, and shall have filed in the office of the Secretary of State: . . . "

8 Del.C. § 383
> "(a) A foreign corporation which is required to comply with §§ 371 and 372 of this title and which has done business in this State without authority shall not maintain any action or special proceeding in this State unless and until such corporation has been authorized to do business in this State and has paid to the State all fees, penalties and franchise taxes for the years or parts thereof during which it did business in this State without authority. This prohibition shall not apply to any successor in interest of such foreign corporation.
> (b) The failure of a foreign corporation to obtain authority to do business in this State shall not impair the validity of any contract or act of the foreign corporation or the right of any other party to the contract to maintain any action or special proceeding thereon, and shall not prevent the foreign corporation from defending any action or special proceeding in this State."

As suggested by plaintiffs, this argument is one of lack of capacity to sue in order to enforce the agreement. Judge Taylor of this Court in *G. R. Sponaugle and Sons, Inc. v. McKnight Construction Co.*, Del. Super., 304 A.2d 339 (1973) held that Superior Court Civil Rule 9(a) requires that a party who desires to contest the legal existence of or capacity of a corporation to sue must raise this defense at the outset of the case. Plaintiffs urge that defendants' failure to raise the defense in a timely manner results in a waiver of the defense. It is unnecessary to make a determination on this point because I am of the opinion that the plaintiffs' agreement with defendants for the commission would be enforceable even had the defenses been raised in compliance with Superior Court Civil Rule 9(a). Thus, I will treat the defenses as properly before the Court.

I

It is uncontroverted that Coyle was not licensed as a real estate broker in Delaware. Nevertheless, although he acted as a real estate broker in this State, he did so only in conjunction with a broker licensed in Delaware. Coyle found Pennsylvania lessees for the property defendants had listed for lease and/or sale. In consideration of these "valuable services," an agreement was executed whereby commissions from the rental and eventual sale of the property would be divided between Coyle and Griffith.

The cases relied upon by defendants are not applicable to our case. In *E. A. Strout Co. v. Howell, supra,* a contract between a foreign corporation unlicensed as a real estate agency in Delaware and a seller of land for commissions from the sale was held to be unenforceable in Delaware courts. In *Reeder v. Jones, supra,* the same result followed in the case of an indi-

vidual unlicensed real estate broker. However, in both cases, the unlicensed plaintiff seeking to enforce the contract not only conducted an active, on-going real estate business in Delaware, but maintained an office in this State as well. In neither case did the unlicensed plaintiff act in conjunction with a real estate broker licensed in this State, nor did either plaintiff limit his real estate activities in Delaware to a single transaction [3] as Coyle did in this case.

Furthermore, this Court held in *Trainer v. Deemer,* 5 W.W.Harr. 396, 35 Del. 396, 166 A. 657 (1933) that an unlicensed real estate broker can recover for his services in an isolated transaction since that single act does not constitute doing or carrying on the business of a real estate broker.

Non-compliance with the real estate broker licensing requirement will not preclude the enforcement of a contract where, as here, the plaintiffs' predecessor in interest engaged in a single transaction in Delaware, and that in conjunction with a real estate broker licensed in this State.

II

Under 8 Del.C. § 383, a foreign corporation unqualified under 8 Del.C. § 371, but "doing business" nevertheless, is not permitted to maintain an action in Delaware until it has been properly registered and has paid all fees, penalties and franchise taxes for the period in which it did business in the State without authority. It is clear that § 383 is not applicable if the corporation is not "doing business" in Delaware for purposes of § 383 and is thus not required to register under 8 Del.C. § 371.

Although the definition of "doing business" has been broadened for purposes of 8 Del.C. § 382, governing service of process upon an unqualified foreign corporation (see discussion, *Crowell Corporation*

---

3. The affidavit of John J. Coyle, III, stating that his father, John J. Coyle, had engaged in no other real estate transactions in Delaware is uncontroverted in the record.

*v. Topkis Construction Co.*, Del.Super., 267 A.2d 613, 615 (1970)), it is viewed narrowly for purposes of 8 Del.C. § 383. *Sinwellan Corp. v. Farmers Bank of Delaware,* Del. Super., 345 A.2d 430 (1975). As Judge O'Hara stated therein at 432:

> "The adoption of such a broad definition of 'doing business', with respect to § 383, would prevent a corporation with, as here, basically peripheral contacts, from taking action when harmed within this State."

The District Court of Delaware recently held that doing business under the more broadly defined § 382 consisted of "transacting business generally in Delaware." *Simpson v. Thiele,* 344 F.Supp. 7 (D.Del. 1972). Obviously, this lone transaction in Delaware does not constitute the general transaction of business.

I am satisfied that plaintiffs' one transaction in Delaware in conjunction with a Delaware broker does not constitute "doing business" for the purposes of 8 Del.C. § 383. Plaintiffs, therefore, are not required to be a qualified corporation in order to enforce the contract for the sales commission.

■ Defendants' motion to dismiss is denied. Having already determined that no essential facts remain in dispute, I am persuaded by the authorities cited above that plaintiffs are entitled to enforce the contract for the sales commission. Summary judgment is therefore granted to the plaintiffs in the amount sought, plus interest and costs of this case.

It is so ordered.