## MARION v. BRITISH TYPE INVESTORS, Inc.

United States District Court
S. D. New York.

Nov. 24, 1950.

Samuel Marion, New York City, appearing pro se.

Spence, Hotchkiss, Parker & Duryee, New York City (Cameron I. Kay and John J. Sullivan, New York City, of counsel), for defendant.

COXE, District Judge.

This is a motion by defendant to vacate the service of the summons and to dismiss the complaint upon four grounds: (1) Lack of jurisdiction over the person of defendant; (2) lack of jurisdiction over the subject matter of the action, or that the court, in the exercise of its discretion, should decline jurisdiction; (3) failure to state a claim upon which relief can be granted, and (4) failure to join indispensable parties, namely, the directors of defendant. Only the second ground need be considered.

The action is brought to obtain a decree ordering the defendant to distribute its assets to its stockholders, in accordance with their respective rights, or to sell such assets and distribute the proceeds to them, and that a receiver be appointed to make such sale or distribution and to wind up the affairs and business of the defendant.

Jurisdiction is based upon diversity of citizenship, it being alleged that plaintiff is a citizen of New Jersey and that defendant is a corporation organized under the laws of Delaware but doing business in this District.

It is alleged that defendant was organized in 1928 as an investment trust with two classes of stock—Class "A" and Class "B"; that the Class "A" stock, owned by more than 18,000 stockholders, has certain preferential rights in the distribution of assets upon liquidation over the Class "B" stock, owned by only nine stockholders; that plaintiff has owned Class "A" stock since 1945 and has been a director from November 1945 to November 1946, and from May 1948 to date; that Curtis Franklin, defendant's president, and his immediate family and close personal friends, have at all times owned or controlled a large majority of the Class "B" stock, and, through such ownership or control, have continuously dominated and controlled defendant.

It is also alleged that defendant's assets have constantly depreciated in value and that, at all times since 1931, its net assets have been substantially less than $7,000,000, the amount due the Class "A" stockholders upon liquidation; that this has been the result of various acts of mismanagement, waste and abuse of trust on the part of defendant's directors and officers; that defendant now has no assets except a small amount of cash and stocks in certain subsidiaries, all worth less than eleven cents per share of Class "A" stock; and that defendant transacts no business, other than to hold such securities, and performs no useful function, other than to enable Franklin and his associates to control such subsidiaries.

It is further alleged that defendant's officers and directors have conspired to cause the defendant to retain its assets and to abstain from distributing or otherwise disposing of them to plaintiff and other Class "A" stockholders, and have refused to wind up defendant's affairs, for the purpose of maintaining their control over defendant's subsidiaries and depressing the value of the Class "A" stock.

Clearly this is not an action over which this court should assume jurisdiction, assuming that jurisdiction over the person of defendant has been properly acquired. It is obvious that the primary purpose of the action is to compel defendant to wind up its affairs, which can only be done in accordance with the laws of the State under which it was organized. For this court to compel such winding up would amount to an interference with the management of the internal affairs of a foreign corporation, which this court should not undertake but should leave to the Delaware courts. Rogers v. Guaranty Trust Co., 288 U.S. 123, 130, 53 S.Ct. 295, 77 L.Ed. 652. The rule is the same in this State. Langfelder v. Universal Laboratories, 293 N.Y. 200, 204, 56 N.E.2d 550, 155 A.L.R. 1226.

Furthermore, this court has no power to appoint a receiver of a foreign corporation to wind up its affairs and distribute its assets, even though all its assets are within this jurisdiction. Maguire v. Mortgage Co. of America, 2 Cir., 203 F. 858.

The motion of defendant to dismiss the complaint is accordingly granted.