James S. Abercrombie, Phillips Petroleum Company, a corporation, and Sunray Oil Corporation, a corporation,
Plaintiffs,

*vs.*

Ralph K. Davies, Signal Oil and Gas Company, a corporation, The Hancock Oil Company, a corporation, The Globe Oil and Refining Company, a corporation, Lario Oil and Gas Company, a corporation, Ashland Oil & Refining Company, a corporation, Deep Rock Oil Corporation, a corporation, Samuel B. Mosher, Garth L. Young, John W. Hancock, J. Howard Marshall, Harold A. Black, Francis L. Jehle, Rexford S. Blazer, Sanford M. Burnam, American Independent Oil Company, a corporation, and Security First National Bank of Los Angeles, California, a corporation,
Defendants,

*New Castle, November 18, 1955.*

*John J. Morris, Jr.,* of Morris, James, Hitchens & Williams, Wilmington, and *Joseph W. Moore,* of Fouts, Amerman & Moore, Houston, Tex., for plaintiff, James S. Abercrombie.

*Robert H. Richards, Jr.,* and *Stephen E. Hamilton, Jr.,* of Richards, Layton & Finger, Wilmington, for plaintiffs, Phillips Petroleum Co. and Sunray Oil Corp.

*David F. Anderson,* of Berl, Potter & Anderson, Wilmington, and *Warner W. Gardner* and *Vern Countryman,* Washington, D. C., of Shea, Greenman, Gardner & McConnaughey, Washington, D. C., for defendants, Signal Oil and Gas Co., Lario Oil & Gas Co., Ralph K. Davies, The Globe Oil & Refining Co., Samuel B. Mosher, Garth L. Young, John W. Hancock, Harold A. Black, Francis L. Jehle, and J. Howard Marshall.

*William Duffy, Jr.,* Wilmington, for defendant, American Independent Oil Co.

SEITZ, Chancellor: Plaintiffs attack the validity of a so-called Agents' Agreement dealing with the voting of certain stock of American Independent Oil Company ("American"), a Delaware corporation. Plaintiffs are stockholders of American but not parties to the agreement. Certain of the defendants are stockholders of American who signed the agreement and/or the agents of such stockholders. The defendants who are Delaware corporations have appeared. Certain non-resident defendants have moved for leave to enter a limited or special appearance and this is the decision thereon.

The moving defendants were not served personally but were served pursuant to 10 *Del.C.* § 365. This statute gives this Court jurisdiction to decide disputes concerning subject matter under its jurisdiction. Certainly it embraces *in rem* actions. It provides for service on parties having a possible interest therein including non-residents. The present complaint admittedly seeks only *in rem* relief plus ancillary injunctive relief.

The moving defendants contend that there is nothing in this strictly *in rem* statute which either expressly or by necessary implication requires them to submit themselves generally to the jurisdiction of this Court in order to defend the *in rem* action. They therefore contend that they should be permitted to enter a special or limited appearance in order that it will be clear that they will be subject to this Court's jurisdiction only with respect to the disposition of the *in rem* action stated in the complaint.

Plaintiffs argue that the right to enter a limited or special appearance has been abolished by the Chancery Court Rules adopted on January 1, 1948. I believe the right to raise the matters formerly incorporated in a special appearance, including an attack upon the Court's jurisdiction over the person or property, has been preserved by appropriate provisions in the Rules. Generally speaking, it may now be done by motion or in some cases in the answer. See Chancery Court Rule 12(b), *Del.C.Ann.* I therefore conclude that by implication the terminology and procedure surrounding the special or limited appearance have been replaced by the Rule of Court.

But defendants suggest that if they appear generally, the plaintiffs might thereafter amend their complaint and subject them to an *in personam* action involving personal liability. Defendants say that it is to avoid this possibility that a special or limited appearance should be recognized in an *in rem* action. But their fears are groundless because in this type of case, at least, when a non-resident appears solely in response to effective *in rem* process it would be a constructive fraud upon such non-resident to hold that he might thereby be subjected to personal liability. I conclude that this is true as a matter of law. This is certainly the spirit implicit in the conclusion stated by the Chancellor in *Perrine v. Pennroad Corp.*, 19 *Del.Ch.* 368, 168 *A.* 196. One may consider non-resident defendants appearing in a will construction case. Would they thereby subject themselves to this Court's jurisdiction generally? I apprehend not. This being so there is no need for a so-called limited or special appearance here. While there is a prayer for an injunction it is only in aid of the decision concerning invalidity and so within

the scope of the subject matter to be resolved. Moreover defendants place no emphasis upon this prayer.

So far as this Court can now see the function of a special or limited appearance is amply discharged by the use of the remedies provided by the existing Rules of Court. The limited or special appearance appears to have joined many of its common law relations in the museum for legal antiques. See the Supreme Court Opinion in *Sands v. Leftcourt Corp., ante* p. 340, 117 *A.2d* 365.

Order on notice.