Adam **CURRIE**, Plaintiff,

v.

**CHICAGO BLOWER CORPORATION,**
Defendant.

Civ. A. No. 62–124.

United States District Court
W. D. Pennsylvania.

July 16, 1962.

Jack W. Plowman, Pittsburgh, Pa., for plaintiff.

Edward P. Good, Pittsburgh, Pa., for defendant.

GOURLEY, Chief Judge.

In this diversity action, the matter before the Court is defendant's motion to dismiss the complaint for the reason that, based upon the undisputed facts, it is not subject to service of process in the Commonwealth of Pennsylvania.

The sole question is whether the activities of defendant are sufficient to constitute the "doing of business" within the Commonwealth of Pennsylvania to authorize service of process upon one of its representatives in light of the allegations in the complaint.

This is a suit to recover an alleged debt due plaintiff for certain designs and drawings in connection with the projected manufacture by defendant of certain fans for demonstration and sale to the United States Navy or Maritime Commission. It is not in dispute that the fans were never manufactured and that the products which defendant's sales representatives were engaged in selling had no relation whatever with the type of equipment provided for in plaintiff's plans and designs.

Plaintiff is a resident of Pennsylvania, while defendant is an Illinois corporation engaged in selling various products in Pennsylvania through exclusive sales representatives who operate under so called Sales Agreements. Each operates on a straight commission basis and, on occasion, services equipment where minor adjustments are required. Where substantial corrections are needed, a serviceman is dispatched from the Chicago headquarters. The Chicago office does not make deductions for social security or any other employee program from commissions paid. No contract is concludible without the formal approval of the defendant and all payments are made directly to the Chicago office.

The offices of the representatives are maintained at their own expense.

Nevertheless, a telephone listing is made under the name of the defendant with the telephone number of the representative listed, but said representative's name is not indicated.

Rule 4(d) (7) of the Federal Rules of Civil Procedure, 28 U.S.C.A., provides that service of process on a foreign corporation is valid if effected in the manner prescribed by the law of the state in which the service is made.

We must therefore refer to the relevant Pennsylvania Statute on service which is found in 15 P.S. § 2852–1011. Pertinent parts thereof are as follows:

"B. Any foreign business corporation which shall have done any business in this Commonwealth, without procuring a certificate of authority to do so from the Department of State, shall be conclusively presumed to have designated the Secretary of the Commonwealth as its true and lawful attorney authorized to accept, on its behalf, service of process *in any action arising out of acts or omissions of such corporation within this Commonwealth.* (Emphasis supplied) * * *

"C. For the purposes of this section, the entry of any corporation into this Commonwealth for the doing of a series of similar acts for the purpose of thereby realizing pecuniary benefit or otherwise accomplishing an object, or doing a single act in this Commonwealth for such purpose, with the intention of thereby initiating a series of such acts, shall constitute 'doing business'."

I am satisfied that the activity of defendant through its sales representatives constitutes a series of acts for the purpose of realizing pecuniary benefit within the requirements of Subsection C of the Act.

Nevertheless, in order to successfully effectuate service in Pennsylvania under this provision of law, plaintiff must meet the additional test of Subsection B which requires that the business conducted or activities performed by the foreign corporation in Pennsylvania must give rise to the injury complained of by the plaintiff. Partin v. Michaels Art Bronze Co., 202 F.2d 541, 3rd Cir.

Since the subject matter of this suit does not arise out of the sale of products by the defendant in Pennsylvania, the cause of action is unrelated to the activities of the defendant in the Commonwealth of Pennsylvania and does not therefore meet the test laid down by the United States Court of Appeals for the Third Circuit and the Supreme Court of the United States, Partin v. Michaels Art Bronze Co., 3rd Cir., supra; International Shoe Co. v. State of Washington, 326 U.S. 310, 316–317, 66 S.Ct. 154, 90 L.Ed. 95.

Motion to dismiss will be granted.

An appropriate order is entered.