Robert E. SIMPSON, Plaintiff,

v.

THIELE, INC., a Pennsylvania
corporation, Defendant.

Civ. A. No. 4147.

United States District Court,
D. Delaware.

June 22, 1972.

Howard M. Berg and Julius Komissa-
roff, Wilmington, Del., for plaintiff.

Roger P. Sanders, Wilmington, Del.,
for defendant.

## MEMORANDUM AND ORDER

STEEL, District Judge:

Plaintiff, a resident of Delaware, sued
defendant, a Pennsylvania corporation
having its principal place of business in
Pennsylvania, for personal injuries al-
leged to have been sustained when his
right arm became caught between the
hydraulic powered platen and the front
wall of a "packer" manufactured by the
defendant. The packer had been pur-
chased by plaintiff's employer, Harvey
& Knotts, Inc., for use in refuse collec-
tion. The injury occurred in Delaware
while plaintiff was collecting and load-

ing the refuse into a garbage truck for Knotts. The trailer portion of the garbage truck was the packer. Plaintiff alleges that the defendant is liable to him under various theories of product liability, including among others, negligence and breach of warranty. Jurisdiction is based upon diversity of citizenship and a controversy involving in excess of $10,000.

The defendant is a foreign corporation which is not qualified to do business in Delaware. Service upon such a corporation under certain circumstances is provided for in 8 Del.C. § 382. It states in pertinent part:

"(a) Any foreign corporation which shall transact business in this State without having qualified to do business under section 371 of this title shall be deemed to have thereby appointed and constituted the Secretary of State of this State, its agent for the acceptance of legal process in any civil action, suit, or proceeding against it in any State or Federal Court in this State arising or growing out of any business transacted by it within this State. The transaction of business in this State by such corporation shall be a signification of the agreement of such corporation that any such process when so served shall be of the same legal force and validity as if served upon an authorized officer or agent personally within this State.

(b) . . . 'the transaction of business' or 'business transacted in this State,' by any such foreign corporation, whenever those words are used in this section, shall mean the course or practice of carrying on any business activities in this State, including, without limiting the generality of the foregoing, the solicitation of business or orders in this State."

The defendant has moved to quash the service of process and dismiss the complaint on the ground that this Court lacks jurisdiction over the person of the defendant because no valid service of process has been made on the defendant.

■ Jurisdiction having been challenged, the burden rests on the plaintiff to sustain it.

From a mechanical standpoint, all of the steps contemplated by the statute (unimportant to detail) have been carried out. The question is whether the statute is applicable to defendant.

■ In order for the statute to authorize service on a non-qualified foreign corporation (1) the corporation must be transacting business generally in Delaware, and (2) the suit must arise or grow out of a particular business transaction which occurred in the State. Unless both of these circumstances are present authority to make service under § 382 is lacking.

No Delaware decision is inconsistent with this interpretation.* It is supported by the plain terms of the statute as well as the implication of La Chemise Lacoste v. General Mills, Inc., 53 F.R.D. 596, 603 (D.Del.1971). The question was not discussed in Gentry v. Wilmington Trust Co., 321 F.Supp. 1379 (D.Del. 1970). See Currie v. Chicago Blower Corp., 207 F.Supp. 177 (W.D.Pa.1962) where the court construed a Pennsylvania statute to require as a condition to valid service on a foreign corporation not only that it be doing business in Pennsylvania but also that the cause of action arise out of its acts or omission in Pennsylvania.

■ Upon receiving an order from Harvey & Knotts, the defendant manufactured the packer which plaintiff claims injured him. Defendant did so at its plant in Pennsylvania. Defendant

* See County Plumbing & Heating Co. v. Strine, 272 A.2d 340 (Super.Ct.Del. 1970); Crowell Corp. v. Topkis Construction Co., 267 A.2d 613 (Super.Ct. Del.1970).

did not solicit the order in Delaware. It was in Pennsylvania that defendant installed the packer on a chassis which Harvey & Knotts delivered to it in Pennsylvania. After installing the packer on the chassis a representative of Harvey & Knotts picked both the chassis and packer up in Pennsylvania and brought them back to Delaware.

There is confusion in the record whether defendant picked up the chassis and packer at defendant's Johnstown or at its Windber plant. This Court is satisfied that delivery took place at one place or the other. Both were in Pennsylvania.

The most forceful evidence which plaintiff has produced to refute a delivery in Pennsylvania is a shop order of the defendant for the packer which shows a delivery charge of $100.00. Glen Thiele testified that this was only for the purpose of computing excise taxes and was a method which the I.R.S. had approved. He denied that deliveries had actually been made. If there had been an actual delivery of the packer, W. Lloyd Thiele testified, the name of the driver who made the delivery would have appeared on the "delivery slip", which it did not.

No incidents of the transaction occurred in Delaware.

The plaintiff has failed to sustain the burden of proving that the injury for which plaintiff sues arose or grew out of any business which defendant transacted in Delaware. This conclusion makes it unnecessary to decide whether the defendant was transacting business generally in Delaware.

The defendant's motion to quash the service of process will be granted. Action on the motion to dismiss the complaint will be deferred for sixty days. If within that time no valid service has been made upon the defendant, the action will be dismissed upon application by defendant.

So ordered.