**DELAWARE LEAD CONSTRUCTION COMPANY, a Delaware corporation, Plaintiff,**

v.

**YOUNG INDUSTRIES, INC. (1957), a corporation of the Commonwealth of Pennsylvania, and Young Industries, Inc. (1972), a corporation of the Commonwealth of Pennsylvania, Defendants.**

**Civ. A. No. 4530.**

United States District Court, D. Delaware.

July 10, 1973.

Wilfred J. Smith, Jr., Wilmington, Del., and James F. Kelleher, Wilmington, Del., for plaintiff.

Robert A. Fulwiler, Jr., Wilmington, Del., for defendants.

## MEMORANDUM AND ORDER

STEEL, District Judge.

Both defendants are foreign corporations neither of which has qualified to do business in Delaware. They have moved to quash the service of process and dismiss the action on the ground that the attempted service was not valid, and that therefore this Court lacks in personam jurisdiction. An earlier motion to quash was granted on February 16, 1973, subject to the plaintiff attempting to serve new process on the defendants on or before May 10, 1973. Such an attempt was made and the present motion was then filed. The plaintiff resisted the motion with an affidavit of Jack A. Bovard and the de-fendants supported their motion by a "reply affidavit" of Henry T. Young.

Subject matter jurisdiction is based upon diversity of citizenship, the plaintiff being a Delaware corporation and the two corporate defendants being Pennsylvania corporations, and the alleged liability in excess of $30,000 arising out of a contract between the parties. The contract itself concerned the installation of equipment in a New Jersey plant.

The service which was purportedly made upon the Secretary of State of Delaware was based upon 8 Del.C. § 382(a) and (b) which reads in pertinent part:

"(a) Any foreign corporation which shall transact business in this State without having qualified to do business under section 371 of this title shall be deemed to have thereby appointed and constituted the Secretary of State of this State, its agent for the acceptance of legal process in any civil action, suit, or proceeding against it in any State or Federal Court in this State arising or growing out of any business transacted by it within this State. The transaction of business in this State by such corporation shall be a signification of the agreement of such corporation that any such process when so served shall be of the same legal force and validity as if served upon an authorized officer or agent personally within this State.

(b) . . . 'the transaction of business' or 'business transacted in this State,' by any such foreign corporation, whenever those words are used in this section, shall mean the course or practice of carrying on any business activities in this State, including, without limiting the generality of the foregoing, the solicitation of business or orders in this State."

Section 382 must be construed in accordance with Delaware law. Pertinent generally is Nacci v. Volkswagen of

America, Inc., 297 A.2d 638 (Del.Super. 1972) wherein the Court said at p. 641:

"In view of this evolution of the Delaware long arm statute, it has been held that a 'liberal definition' should govern the application of the current Delaware 'long arm' statute. County Plumbing & Heating Company v. Strine, 272 A.2d 340, 344 (Del.Super. 1970); Gentry v. Wilmington Trust Company, [D.C.] 321 F.Supp. 1379 (Del.1970). The liberal concepts of the federal cases which have applied the 'long arm' statutes of other states are applicable to the Delaware statute. Crowell Corp. v. Topkis Construction Co., 267 A.2d 613 (Del.Super.1970)."

The plaintiff filed no brief resisting the defendants' motion and at the argument called the Court's attention to no federal cases in which "liberal definition[s]" have been applied. Indeed, at the argument, both parties referred only to Simpson v. Thiele, Inc., 344 F.Supp. 7 (D.Del.1972), the defendants citing it as precedent for their position and the plaintiff arguing its inapplicability.

■■ In Simpson this Court pointed out that in order for § 382 to authorize service on a non-qualified foreign corporation by Secretary of State service, *two* facts must appear: (1) the corporation must be transacting business *generally* in Delaware, and (2) the suit must arise or grow out of a *particular* business transaction which occurred in Delaware. There the Court granted defendant's motion to quash the service because the plaintiff failed to sustain the burden of proving that the injury for which the plaintiff was suing arose or grew out of any *particular* business which the defendant transacted in Delaware. In the instant case the contrary may be assumed to be true, although the affidavits which have been filed leave the matter in considerable doubt. Here the issue is whether the defendants or either of them transacted business *generally* in Delaware. Under § 382(b) this depends upon whether the defendants have en-

gaged in Delaware in "the course or practice of carrying on any business activities". To meet the statutory standard something more is required than a finding that the transaction which gave rise to the lawsuit occurred in Delaware even though, as has been stated, it may be assumed that it did. Unless this is so, one or the other of the dual requirements of § 382 as announced in *Simpson* is superfluous.

The only fact in the record which even arguably bears upon this question is paragraph 3 of the affidavit of Jack A. Bovard which reads:

"3. Approximately six months prior to July 22, 1971, he was involved in negotiations with · the defendants, or one of them, being Young Industries, Inc. (1957), for a contract for Delaware Lead Construction Company, for certain work at duPont's Edgemoor Pigments Plant, New Castle County, Delaware. Said contract was made between the defendant, Young Industries, Inc. (1957) and the Plaintiff."

The Bovard affidavit fails to disclose what was the "certain work" which was done at the Edgemoor plant, or where the negotiations or making of the contract which it refers to took place. From paragraph 3 of the Young affidavit, however, it would appear that the defendants had supplied to the Edgemoor plant some custom-made equipment, since this was their business, and that it had been manufactured, sold and delivered in Muncy, Pennsylvania, at the solicitation of the plaintiff. While the Young affidavit does not say this specifically, the general description of defendants' business and the manner in which it was conducted supports this conclusion. Paragraphs 3–13 of the Young affidavit state:

"3. That Young Industries, Inc. (1972), as well as Young Industries, Inc. (1957), were engaged in the business of fabricating machinery for industrial plants, such as, dust collectors, conveyors, and mixers. None of these materials were off-the-shelf

items, but were manufactured in accordance with the specific orders of the customer. All such machinery was sold pursuant to written orders and the point of shipment was F.O.B. defendants' plant at Muncy, Pennsylvania. The defendants did not deliver such machinery except to a common carrier or to a carrier provided by the customer at the defendants' plant.

4. That neither of the defendants ever had an office, warehouse or other facility in the State of Delaware.

5. That neither of the defendants ever had an officer or an employee of the defendants stationed in the State of Delaware.

6. That neither of the defendants has ever had a sales agency, franchise dealer, or subsidiary located in the State of Delaware.

7. That neither of the defendants has ever registered to do business in the State of Delaware, and that neither has ever had a registered agent located in the State of Delaware.

8. That neither of the defendants has ever had a telephone number listed in a telephone directory published for any area of the State of Delaware.

9. That neither of the defendants has ever solicited sales of its machinery through salesmen or agents located within the State of Delaware.

10. That all sales of Young Industries, Inc. (1972), as well as Young Industries, Inc. (1957), were made at its principal office at the plant site in Muncy, Pennsylvania, through correspondence or solicitation received directly from the customer.

11. That neither of the defendants has ever transported or delivered the machinery to Delaware customers at any location in the State of Delaware.

12. That at no time did either of the defendants send any of its employees into the State of Delaware to install, service or maintain any of the machinery so supplied.

13. That neither of the defendants had any conditional sales contracts recorded in the State of Delaware, nor did either of the defendants undertake any financing arrangements on the sale of machinery within the State of Delaware."

 The Edgemoor plant activities of the defendants are the only activities cited other than that involved in the current litigation. It cannot be said from these facts that plaintiff has borne the burden of establishing that the defendants have been transacting business generally in Delaware, because it has not been shown that defendants have engaged in the "course or practice of carrying on any business activities" in Delaware.

The motion to quash the service and to dismiss the action is granted.

So ordered.