Hulon **CAPSHAW, Individually and as Administrator of the Estate of Coran P. Capshaw, Deceased, Plaintiff,**

v.

**SMITH ESTATES, INC., a New Jersey Corporation, et al., Defendants.**

**Civ. A. No. 74–117.**

United States District Court,
D. Delaware.

Jan. 8, 1976.

F. L. Peter Stone, Connolly, Bove & Lodge, Wilmington, Del., for plaintiff.

Converse Murdoch and Alan S. Yoffie, Murdoch & Walsh, P. A., Wilmington, Del., for defendants.

## MEMORANDUM OPINION

LATCHUM, Chief Judge.

The complaint in this case, filed on September 11, 1975 [1] and denominated the "substituted second amended complaint," constitutes the most recent effort of Hulon Capshaw, individually and as administrator of the estate of his brother Coran P. Capshaw,[2] to obtain a greater portion of the liquidation proceeds of Smith Estates, Inc. than that currently recognized as their rightful share. The defendants in this action

---

1. Docket Item 46.

2. Plaintiff initiated suit in this court on June 14, 1974 (Docket Item 1) against the present defendants plus Bruce J. Campbell, Rowley W. Phillips, C. Anderson McLeod, and Leigh R. Capshaw. An amended complaint was filed on November 18, 1974 (Docket Item 12), and subsequently the Court granted plaintiff leave to file a substituted second amended complaint. (Docket Item 47).

The present defendants have resisted Hulon Capshaw from the beginning, promptly moving to dismiss each of the prior complaints on several grounds. However, the above two motions are the only ones relating to the substituted second amended complaint.

are Smith Estates, Inc., a New Jersey corporation, and Andrew A. Smith and Mary Virginia Smith, who are citizens of Delaware. Subject matter jurisdiction is alleged to exist by virtue of 28 U.S.C. § 1332(a). Before the Court are two motions (1) Smith Estates, Inc.'s motion to dismiss for lack of jurisdiction over its person,[3] and (2) Andrew A. Smith's and Mary Virginia Smith's motions to dismiss for lack of indispensable parties.[4]

### I. Smith Estates, Inc.'s Motion To Dismiss For Lack Of Jurisdiction Over Its Person.

The factual background necessary for disposition of this motion may be summarized as follows: Smith Estates, Inc. was incorporated under the laws of New Jersey in 1948 for the sole purpose of holding a large tract of land in that state known as Bamber Lake Tract. The original shareholders, all nonresidents of Delaware, were Coran P. Capshaw ("Coran"); Andrew A. Smith, Jr. (the defendant Andrew A. Smith's father who died in 1958); Elizabeth F. Phillips (Andrew A. Smith, Jr.'s sister who died sometime during 1971–1972); and possibly Rowley W. Phillips (son of Elizabeth F. Phillips who died during October 1974). Soon after its incorporation Coran was designated the manager of Smith Estates, Inc., and in that post assumed responsibility for the management, promotion and sale of the Bamber Lake Tract. Sometime before 1956 Coran allegedly reached a "mutual understanding" with the corporation whereby the corporation promised to issue him additional shares in Smith Estates, Inc. following the sale of the Bamber Lake Tract in return for his agreement to pay all taxes and other maintenance charges until the expected sale. Also sometime before 1961 the shareholders established a voting trust and apparently named themselves and other close relatives as voting trustees. Coran died in May 1969; the Bamber Lake Tract had not then been sold but Coran allegedly had expended $106,155.15 pursuant to his part of the alleged bargain struck with Smith Estates, Inc. According to the complaint, a similar "mutual understanding" might have been reached after 1969 between Hulon Capshaw (Coran's brother who was named manager upon Coran's death) and the corporation. Subsequently, in June 1972 the shareholders, voting trustees and directors unanimously approved and adopted a plan of liquidation, and in December 1972 the Bamber Lake Tract was sold to another New Jersey corporation (Structural Management Enterprises, Inc.) for $3 million. Part of the $3 million has since been distributed to the shareholders, but the corporation acting through its present board of directors has repeatedly refused to recognize the validity of Coran's and Hulon's alleged agreements with the corporation and thus the plaintiff claims that the liquidation proceedings are invalid because of the failure of the corporation to account for the Capshaws' rightful interest.

Andrew A. Smith and his wife Mary Virginia Smith are the only individuals in the cast of characters introduced in the various complaints who are known to be past or present residents of Delaware. Mary Virginia Smith is a director and voting trustee; Andrew A. Smith became president of Smith Estates, Inc. in 1958, and he is also a voting trustee, director and shareholder. Plaintiff directed that process be served upon Smith Estates, Inc. by and through its president Andrew A. Smith at his home in Greenville, Delaware. Service, however, was purportedly made on the corporation by service upon Andrew A. Smith at Room 5440, Nemours Building, Wilmington, Delaware. (Docket Item 5).

Because the subject matter jurisdiction of this case is alleged to be based upon diversity of citizenship, the

---

3. Docket Item 21.

4. Docket Items 18, 49.

law of the forum state, Delaware, governs the determination of whether this court has personal jurisdiction over the foreign corporate defendant Smith Estates, Inc., in so far as Delaware law complies with the constitutional limitations of due process. *Arrowsmith v. United Press International,* 320 F.2d 219, 222–224 (C.A.2, 1963) (Friendly, J.); *Partin v. Michaels Art Bronze Co.,* 202 F.2d 541, 543 (C.A.3, 1953); *Bowman v. Curt G. Joa, Inc.,* 361 F.2d 706, 711 (C.A.4, 1966). See *Burt v. Niagara Machine & Tool Works,* 301 F.Supp. 899, 901 (W.D.Pa.1969). Although the summons and complaint were served on Smith Estates, Inc. in Delaware by service upon its president according to Rule 4(d)(3), F.R.Civ.P., this does not dispose of the issue, for Rule 4(d)(3) merely establishes the manner of service upon a foreign corporation as distinguished from the amenability of a foreign corporation to personal jurisdiction in a diversity action filed in a federal district court sitting in Delaware. *Arrowsmith,* 320 F.2d at 226; *Bowman,* 361 F.2d at 710; 4 Wright and Miller, Federal Practice and Procedure § 1075 (1969). Alternatively, Rule 4(e), F.R.Civ.P., provides for service of process upon a foreign corporation "under the circumstances and in the manner prescribed" by Delaware law.[5]

Smith Estates, Inc. is not, and was never, licensed to do business in Delaware, and thus, 8 Del.C. § 382 establishes the criteria for the exercise of personal jurisdiction over it by the Delaware courts and this court in this case. 8 Del.C. § 382 provides for personal jurisdiction over an unlicensed foreign corporation if and only if (1) the corporation generally transacts business in Delaware and (2) the suit in question arises from or grows out of a particular business transaction occurring in Delaware. *Simpson v. Thiele, Inc.,* 344 F.

Supp. 7, 8 (D.Del.1972); *Delaware Lead Construction Co. v. Young Industries, Inc.,* 360 F.Supp. 1244, 1246 (D.Del. 1973). *See also D'Angelo v. Petroleos Mexicanos,* 378 F.Supp. 1034, 1039 (D. Del.1974); *Scott Paper Co. v. Scott's Liquid Gold, Inc.,* 374 F.Supp. 184, 187 (D.Del.1974).

With the above guidelines in mind, the Court has canvassed the record, consisting of various affidavits and the deposition testimony of Andrew A. Smith and Mary Virginia Smith, in order to ascertain whether the two requirements of 8 Del.C. § 382 have been satisfied in this case. It is the Court's conclusion that they have not.

In the first place the evidence available indicates that it is highly questionable that Smith Estates, Inc. has "transacted business generally" in Delaware, even after 1958 when Andrew A. Smith, a resident of this state, became president of the corporation. The record indicates that Smith Estates, Inc.'s main offices are in New York City. It has never maintained a bank account in Delaware. It has never used a letterhead with a Delaware address and it has never been listed in any type of Delaware directory within the state. All shareholders' meetings and meetings of the board of directors and voting trustees have been held in New York or New Jersey. It has never owned any personal or real property in Delaware and its principal asset was New Jersey real estate. Coran Capshaw managed its corporate affairs from its New York headquarters and from his home in New Jersey. The contract for the sale of the Bamber Lake Tract was executed by Andrew A. Smith in New Jersey and the "closing" of such sale also occurred in that state. The legal proceedings leading to the dissolution of Smith Estates, Inc. occurred in New Jersey courts.

5. Rule 4(d)(3), F.R.Civ.P., states that service may be made "upon a . . . foreign corporation . . . by delivering a copy of the summons and of the complaint to an officer [of the corporation]."

It is true that many documents preliminarily prepared and executed by Coran Capshaw as secretary and manager of the corporation were mailed to Andrew A. Smith in care of Smith's home or office in Delaware for his signature as president of Smith Estates, Inc. and that this procedure was followed occasionally after Coran's death in 1969 by Hulon Capshaw. One such document was a contract with the title insurance company that undertook a title search of the Bamber Lake Tract and later issued a title insurance policy which made the Tract highly marketable.

While the Court is unconvinced that the execution of documents in Delaware by the president of Smith Estates, Inc., in the light of the other factors, shows a sufficient course of conduct as to amount to "transacting business generally in Delaware" under 8 Del.C. § 382, it is unnecessary for the Court to rule definitively upon this issue. This is so because it is clear that the second requirement of 8 Del.C. § 382, that "this suit arises from or grows out of a particular business transaction occurring in Delaware," has not been met.

The gist of plaintiff's claim is that Smith Estates, Inc. has refused to honor its alleged agreements with Coran and Hulon Capshaw calling for an increase of their equity interests following the sale of the Bamber Lake Tract in consideration of their managerial services, efforts in clearing title and payment of taxes and other expenses. A review of the present record, however, fails to disclose that any of the key events in the most uneventful twenty-six year life of Smith Estates, Inc. transpired in Delaware. There is nothing to suggest that Coran reached an agreement with Smith Estates, Inc. in this state. The liquidation resolution formally adopted by the corporation on June 20, 1972 did not become effective in Delaware. The sale of the Bamber Lake Tract was "closed" in Newark, New Jersey on December 29, 1973. The cash proceeds received at the "closing" were deposited in Smith Estates, Inc.'s bank account in New York City. The cash as well as partial interests in the bond and mortgage given to secure the balance of the purchase price by the purchaser of the Bamber Lake Tract were distributed and assigned from states other than Delaware. In view of the above described circumstances, the Court concludes that the instant suit does not arise from or grow out of a particular business transaction which occurred in Delaware. Therefore, this Court lacks personal jurisdiction over Smith Estates, Inc., and Smith Estates, Inc.'s motion to dismiss it from the case will be granted.

II. Motions Of Andrew A. Smith and Mary Virginia Smith To Dismiss For Lack Of Indispensable Parties.

These two defendants urge dismissal of the suit because neither the Executor of the Estate of Elizabeth F. Phillips (at present C. Anderson McLeod) nor the successor in interest of the late Rowley W. Phillips, both of whom were shareholders and possibly directors of Smith Estates, Inc. and voting trustees, is subject to effective service of process. McLeod is a citizen of New York State, while Rowley Phillips died a domiciliary of Connecticut in October 1974. (Docket Item 5; Docket Item 13, at 3 [Deposition of Andrew A. Smith, October 30, 1974]). In order to fully evaluate this argument, the Court must first set forth some additional facts pertaining to the liquidation of Smith Estates, Inc.

The plan of liquidation adopted on June 20, 1972 called for the completion of liquidation on or before June 20, 1973. As of the latter date, Smith Estates, Inc. had received approximately $1,500,000 in payment from Structural Management Enterprises, Inc. and had distributed a portion of this money to the shareholders according to their then officially recognized ownership interests, thereby failing to recognize the allegedly rightful Capshaw interests. Also as

of June 20, 1973, Smith Estates, Inc. had assigned to the shareholders partial interests in the bond and mortgage issued by Structural Management Enterprises, Inc. to secure the balance of the purchase price, again failing to recognize the alleged rightful Capshaw interests. Other assets of Smith Estates, Inc. are under the control of the Chancery Division of the Superior Court of New Jersey for Hudson County in connection with a lawsuit brought by Leigh Capshaw against the corporation to recover $275,-000 for services rendered to Smith Estates, Inc. in finding a buyer for the Bamber Lake Tract. Finally, the Newark, New Jersey law firm of Riker, Danzig, Scherer & Brown is holding some liquidation proceeds in escrow pursuant to a decree of dissolution issued by the New Jersey Superior Court dated June 13, 1973.

■ The above summary of the facts surrounding the liquidation of Smith Estates, Inc. compels this Court to take a different perspective regarding Andrew A. Smith's and Mary Virginia Smith's motions to dismiss for lack of indispensable parties than that urged by these two defendants. Count 1 of the substituted second amended complaint alleges a contract claim against the corporation. Count 2 alleges a claim against the corporation based upon promissory estoppel or joint venture, while seeking declaratory judgment that the liquidation of Smith Estates, Inc. does not comport with regulations issued pursuant to § 337 of the Internal Revenue Code, or in the alternative that the $106,155.15 advanced by Coran over the years to the corporation be recognized as a valid loan to the corporation. It is therefore apparent that Smith Estates, Inc. is an indispensable party to this suit because the plaintiff has no other *single defendant* against whom full

total relief is obtainable as sought by the second substituted amended complaint. *See First State Life Insurance Investors, Inc. v. 20th Century Corp.,* 309 F.Supp. 1390, 1392 (D.Del.1969); New Jersey Statutes Annotated, § 14A–12–12, 12–13 (1973); *Swan Land and Cattle Co. v. Frank,* 148 U.S. 603, 610–612, 13 S.Ct. 691, 37 L.Ed. 577 (1893). Therefore, the Court will dismiss the case because the relief sought (namely, recovery in full on the basis of an enforceable contract with the corporation, promissory estoppel against the corporation, joint venture with the corporation; and declaratory judgment concerning the invalidity of the liquidation) can only be obtained from and against Smith Estates, Inc. alone.

■ Furthermore, if it is assumed that the plaintiff may have a claim pursuant to New Jersey Statutes Annotated § 14A:12–13(1)(b) against Andrew A. Smith in Smith's capacity as a shareholder of Smith Estates, Inc. to recover on the corporation's contractual or other obligations to plaintiff, such recovery would be limited to the amount received by Smith in dissolution and would be due only in proportion to Smith's equity interest in the corporation. But more importantly, if recovery on such a claim were to be sought by plaintiff against Andrew A. Smith, the plaintiff would be required to pursue the state remedy provided by the New Jersey statute in the New Jersey courts rather than in this court. *See Middletown National Bank v. Railway Co.,* 197 U.S. 394, 25 S.Ct. 462, 49 L.Ed. 803 (1905). *Cf. Dallasega v. Victoria Amusement Enterprises, Inc.,* 43 F.Supp. 697 (D.Pa. 1942); *Marion v. British Type Investors, Inc.,* 94 F.Supp. 755 (S.D.N.Y. 1950).

An order will be entered in accordance with this opinion.