**GENERAL FOODS CORPORATION, a Delaware Corporation, Plaintiff,**

v.

**HAINES AND COMPANY, INC., a Foreign Corporation, Defendant.**

Civ. A. No. 78–245.

United States District Court, D. Delaware.

Oct. 18, 1978.

William J. Wier, Jr., and Thomas S. Neuberger, of Bader, Dorsey & Kreshtool, Wilmington, Del., for plaintiff.

Howard L. Williams, of Morris, James, Hitchens & Williams, Wilmington, Del., and Frederick R. Reed, of Vorys, Sater, Seymour & Pease, Columbus, Ohio, of counsel, for defendant.

## OPINION

STEEL, Senior District Judge:

General Foods Corporation ("General Foods"), a Delaware corporation, brought this action against Haines and Company, Inc. ("Haines"), an Ohio corporation, to recover on a written agreement executed by Haines to General Foods which guaranteed the payment of all purchases made by Haines' wholly-owned subsidiary, P. S. Truesdell Company ("Truesdell"), from General Foods. According to the affidavit of Joseph Prowe (Doc. No. 8), the credit manager for the Dover, Delaware plant of General Foods, General Foods made six deliveries of its product to Truesdell between October 29, 1976, and December 10, 1976.[1]

---

1. The Prowe affidavit (Doc. No. 8, ' 3) states that prior to Haines' acquisition of Truesdell in 1974, Truesdell had been a customer of General Foods' Dover plant. The Prowe affidavit also states that subsequent to the signing of the guarantee agreement in 1975, General Foods sold products to Truesdell on repeated occasions (', 5). The Prowe affidavit, however, does not indicate either the dates or quantity of these transactions. Since the burden is on General Foods to prove the existence of personal jurisdiction, *Simpson v. Thiele, Inc.*, 344 F.Supp. 7 (D.Del.1972), the specific facts of record with respect to the times, manner and amount of the dealings between General Foods and Truesdell must be the basis for deciding the pending motion.

All but two of these deliveries were made F.O.B. General Foods' plant located in Dover, Delaware.[2] The affidavit of William K. Haines, Sr. (Doc. No. 11), president of Haines, indicates that these deliveries were made pursuant to Truesdell's telephone or purchase orders for products of the Baker's division of General Foods in Dover, Delaware. Haines admits that Truesdell failed to make payment in the amount of $133,847 on the six deliveries.

Subject matter jurisdiction is based upon diversity of citizenship and a controversy involving in excess of $10,000. 28 U.S.C. § 1332 (1970).

■ Haines has moved to quash the service of process and dismiss the complaint on the ground that this court lacks personal jurisdiction over it.[3] Haines is a foreign corporation that has never qualified to do business in Delaware as it might have done under 8 Del.C. § 371. Service was purportedly made upon Haines by serving the Secretary of State under 8 Del.C. § 382, which authorizes service upon non-qualified foreign corporations under limited circumstances. It states in pertinent part:

(a) Any foreign corporation which shall transact business in this State without having qualified to do business under Section 371 of this title shall be deemed to have thereby appointed and constituted the Secretary of State of this State, its agent for the acceptance of legal process in any civil action, suit or proceeding against it in any state or federal court in this State arising or growing out of any business transacted by it in this State. The transaction of business in this State by such corporation shall be a signification of the agreement of such corporation

that any such process when so served shall be of the same legal force and validity as if served upon an authorized officer or agent personally within this State. (b) . . . "[T]he transaction of business" or "business transacted in this State," by any such foreign corporation, whenever those words are used in this section, shall mean the course or practice of carrying on any business activities in this State, including, without limiting the generality of the foregoing, the solicitation of business or orders in this State.

Haines argues that the service upon it through the Secretary of State was a nullity since it has not engaged in business activities in Delaware within the meaning of 8 Del.C. § 382. Whether or not it has must be determined by Delaware law.[4]

### I. Jurisdiction over Haines

■ Two conditions must be met before section 382 can properly be invoked to authorize service on a non-qualified foreign corporation by service on the Secretary of State. First, the corporate defendant must be transacting business *generally* in Delaware. Second, the suit must arise or grow out of a *particular* business transaction that occurred in Delaware. *See Simpson v. Thiele, Inc.,* 344 F.Supp. 7, 8 (D.Del.1972); *Capshaw v. Smith Estates, Inc.,* 69 F.R.D. 598, 601 (D.Del.1976); *Scott Paper Co. v. Scott's Liquid Gold, Inc.,* 374 F.Supp. 184, 187 (D.Del.1974); *Perry v. American Motors Corp.,* 353 A.2d 589, 592 (Del.Super.1976).

The second prong of this test is clearly satisfied with respect to Haines' activities in Delaware as this suit had its genesis in a business transaction initiated in Delaware.

---

2. Exhibit D, attached to plaintiff's complaint, Doc. No. 1.

3. General Foods has filed a motion for summary judgment pursuant to Rule 56 F.R.Civ.Pro. Before ruling on General Foods motion for summary judgment it must first be determined whether 8 Del.C. § 382 has conferred this court with *personal jurisdiction* over Haines or Truesdell. As Judge Rodney noted, "when the

jurisdiction of the court is challenged or denied, it is the duty of the Court, on application of a party or on its own motion, to determine the question of jurisdiction before proceeding with other aspects of the case." *Allied Poultry Co. v. Polin,* 134 F.Supp. 278, 279 (D.Del.1955).

4. *See Partin v. Michaels Art Bronze Co.,* 202 F.2d 541, 543 (3d Cir. 1953); *Capshaw v. Smith Estates, Inc.,* 69 F.R.D. 598, 600–01 (D.Del. 1976).

The affidavit of Joseph Prowe, the credit manager for the Dover, Delaware plant of General Foods, states that an officer of Haines traveled to Delaware to discuss with him the financial status of Truesdell and to assert Haines' willingness to guarantee payment to General Foods of any account incurred with Truesdell. Shortly after these negotiations in Delaware, an agreement was executed in Ohio.

The issue here is whether Haines' activity "constitutes [a] transaction of business, the course or practice of carrying [on] any business activities or the solicitation of business or orders in the State of Delaware." *Nacci v. Volkswagen of America,* 297 A.2d 638, 641 (Del.Super.1972). To meet the statutory standard of transacting business, "something more is required than a finding that the transaction which gave rise to the lawsuit occurred in Delaware . . . .. Unless this is so, one or the other of the dual requirements of section 382 . . . . is superfluous." *Delaware Lead Constr. Co. v. Young Industries, Inc.,* 360 F.Supp. 1244, 1246 (D.Del.1973). Haines' only contact with the State of Delaware was to send a representative to negotiate the guarantee agreement with General Foods. This isolated transaction is insufficient to amount to a course or practice of doing business, a necessary condition to bring Haines within the scope of the Delaware "long-arm" statute.

No personal jurisdiction over Haines was validly obtained.

This, however, does not end the matter. The guarantee agreement between General Foods and Haines provides that "no defense which would not be available to customer [Truesdell] in the event of any default by it shall be available to undersigned [Haines]." Accordingly, Haines cannot assert the defense that jurisdiction was lacking over it unless that identical defense is also available to Truesdell. Thus, the question arises whether Truesdell could have validly asserted the defense of lack of personal jurisdiction if it had been served in Delaware under section 382.

## II.  *Jurisdiction over Truesdell*

Like Haines, Truesdell's activities in Delaware satisfy the Delaware "long-arm" statute's requirement that the suit arise out of a particular business transaction which occurred in the State. The obligation owed by Truesdell, which is the basis of this action, represents the purchase price of goods that Truesdell acquired from General Foods by sending purchase orders or making telephone calls to the General Foods plant in Dover, Delaware. In addition, four of these shipments were delivered to Truesdell F.O.B. General Foods' plant in Dover, Delaware.

The crucial determination then is whether Truesdell's purchases of Baker's products from General Foods' Dover plant brings Truesdell within the statutory requirement of transacting business. The approach adopted by the Delaware courts in evaluating the concept of "transacting business" is to measure "the quantity and quality of the contact between the foreign corporation and the state." *Perry v. American Motors Corp.,* 353 A.2d 589, 592 (Del.Super.1976); *see Scott Paper Co. v. Scott's Liquid Gold, Inc.,* 374 F.Supp. 184, 185 (D.Del.1974). The affidavit of William K. Haines, Sr., president of Haines, states that Truesdell has never maintained any office, bank account, mailing address, telephone listing or any other business facility in Delaware. Truesdell has never solicited business or orders in Delaware nor has it ever stationed any employees, officers, or directors in Delaware. All shareholders' meetings and meetings of the board of directors have been held in Ohio. Moreover, Truesdell has never consented to be sued in Delaware and has never appointed an agent for service of process in the State of Delaware. In short, Truesdell's only contact with the State of Delaware was to telephone and to mail orders for products of General Foods to its office in Dover, Delaware and to accept four F.O.B. deliveries of those products in Delaware. The Haines affidavit (Doc. No. 11, ¶ 5) explicitly states that Truesdell has never solicited business or orders in Delaware.

No Delaware decision squarely addresses the issue of whether this limited activity constitutes a general transaction of business as required by 8 Del.C. § 382. A review of the cases construing the long-arm statute, however, indicates that under the facts at bar a Delaware court would not hold that Truesdell's activities amounted to the general transaction of business in Delaware.

 It is not mandatory that a corporation maintain offices, bank accounts, business facilities, or have other indicia of general corporate activity in Delaware to be subject to the terms of the Delaware long-arm statute. *See Scott Paper Co. v. Scott's Liquid Gold, Inc.,* 374 F.Supp. 184 (D.Del. 1974); *Gentry v. Wilmington Trust Co.,* 321 F.Supp. 1379 (D.Del.1970); *Perry v. American Motors Corp.,* 353 A.2d 589 (Del.Super. 1976); *County Plumbing & Heating Co. v. Strine,* 272 A.2d 340 (Del.Super.1970); *Crowell Corp. v. Topkis Constr. Corp.,* 267 A.2d 613 (Del.Super.1970). Although these cases presented disparate fact patterns, they emphasize that where the physical presence of the foreign corporation is minimal the systematic solicitation of orders, either personally or through an independent agent, is necessary to subject the non-registered corporation to Delaware jurisdiction. Because the plaintiff has failed to sustain his burden of proving that Truesdell has conducted business generally in Delaware by either maintaining accounts and business facilities in Delaware, *see Capshaw v. Smith Estates, Inc.,* 69 F.R.D. 598 (D.Del.1976); *Delaware Lead Constr. Co. v. Young Industries, Inc.,* 360 F.Supp. 1244 (D.Del.1973), or by soliciting business in Delaware, jurisdiction must be denied. Of course, a non-resident purchaser might so extend his business activities as to make himself subject to jurisdiction under section 382. But that is not shown here. *Cf. Sol Tool Co. v. American Tool & Die Co.,* 293 A.2d 583 (Del.Super. 1972) (holding that activities similar to the ones at bar were not sufficient to satisfy the due process test of minimum contacts and, hence did not constitute "doing business" within the meaning of section 302 CPLR, the New York long-arm statute).

Because the defense of lack of jurisdiction is clearly available to Truesdell, Haines' assertion of this defense does not violate the contractual terms of the guarantee agreement between Haines and General Foods. Accordingly, the motion to quash the service and dismiss the action is granted.