647 A.2d 61 (1994)
In re K.H., Appellant.
No. 94-FS-988.
District of Columbia Court of Appeals.
August 31, 1994.
Anna A. Williams, for appellant.
Vanessa Ruiz, Corp. Counsel, Robert R. Rigsby, Deputy Corp. Counsel, Michael *62 Cobb, Asst. Deputy Corp. Counsel, and Rosalyn Colbert Groce and Mary R. Pipitone, Asst. Corp. Counsel, for appellee.
Before SCHWELB and FARRELL, Associate Judges, and REILLY, Senior Judge.
FARRELL, Associate Judge:
We ordered this appeal expedited and directed the Corporation Counsel to respond to appellant's motion for summary reversal of the denial of his motion to reconsider a juvenile pretrial detention order. Before considering the merits, we first explain why at the same time we ordered the appeal expedited, we denied appellant's motion to treat the appeal under the interlocutory appeal procedures of D.C.Code § 16-2328 (1989).

I.
Appellant, a juvenile, was originally ordered detained on February 15, 1994, pending trial on charges of assault with intent to kill and several weapons violations. See D.C.Code § 16-2312 (1989). Though seeking reconsideration of the order several times thereafter, he has not previously challenged the detention in this court. On August 2, 1994, appellant moved again for reconsideration before the Honorable Linda Turner Hamilton. After a hearing, Judge Hamilton denied the motion on August 9, finding that appellant had not furnished new factual information providing a basis for release or a reduction in the level of confinement. Appellant noted this appeal and moved for summary reversal on August 11, 1994. Trial in the Family Division is scheduled for September 15, 1994.
Relying on D.C.Code § 16-2328 and Super.Ct.Juv.R. 107(d), appellant asserted in this court that he was entitled to oral argument within three days after noting his appeal, followed by a decision no later than the next day. Section 16-2328 provides in relevant part:
(a) A child who has been ... detained or placed in shelter care or subjected to conditions of release under section 16-2312, may, within two days of the date of entry of the Division's order, file a notice of interlocutory appeal.
(b) The District of Columbia Court of Appeals shall (1) hear argument on an appeal under subsection (a) on or before the third day (excluding Sundays) after the filing of notice under that subsection, (2) dispense with any requirement of written briefs other than the supporting materials previously submitted to the Division, and (3) render its decision on or before the next day following argument on appeal. The court may in rendering its decision dispense with the issuance of a written opinion.
The references in subsection (a) to § 16-2312 and "entry of the [Family] Division's order" make clear that this expedited appeal procedure applies to an original order of detention under D.C.Code § 16-2312,[1] not to subsequent orders denying reconsideration of the detention order. A contrary reading would allow a detainee to impress this court into quasi-emergency service any time, and however frequently, he requested and was denied reconsideration of the original order.
Our holding in In re DeJ., 310 A.2d 834 (D.C.1973), does not teach differently. The issue there was whether the interlocutory procedure of § 16-2328 "provides the exclusive means by which a juvenile may appeal a detention order...." Id. at 835 (emphasis added). We held that it did not: an appeal that did not comply with the two-day filing requirement of § 16-2328(a) could still be viewed by this court "as a `final' order, cognizable by the court without regard to the two-day limitation described in the juvenile interlocutory appeal procedure." Id. (footnote omitted). No issue was before us in DeJ. of whether an order denying reconsideration of the original detention order (as it happened, the order in DeJ. was one denying reconsideration) could properly be appealed under *63 § 16-2328, thereby invoking the statute's accelerated provisions.
We hold, therefore, that § 16-2328 does not apply to motions to reconsider an order of detention. It follows that Super.Ct.Juv.R. 107(d) is in error and must be revised, for as currently written the rule assumes that denial of an "application ... for reconsideration of a detention order" is appealable under the interlocutory procedures of § 16-2328. Of course, in keeping with In re DeJ., an appeal from the denial of such application is proper as a "final" order, and will be expedited in accordance with D.C.App.R. 4(c).

II.
Appellant has been detained in a secure juvenile facility since February 15, 1994. His trial is set for September 15, 1994, by which time he will have been detained for 213 days. He contends that, although the statute permitting his pretrial detention (D.C.Code § 16-2310) imposes no temporal limit on detention, due process does, see, e.g., Schall v. Martin, 467 U.S. 253, 104 S.Ct. 2403, 81 L.Ed.2d 207 (1984), and that that limit has been exceeded in this case. Appellant does not dispute the original basis for his detention. Evidence proffered at the February 15, 1994, hearing indicated that appellant had been identified by the victim of a shooting as one of three persons who stood atop him and fired several shots into him from semi-automatic firearms. Appellant also does not dispute that the continuing validity of his detention has been tested before five successive Superior Court judges on motions to reconsider. And he concedes that part of the reason for the failure of his trial to commence earlier was his attorney's inability to be present on the rescheduled trial date of June 6, 1994, because of illness. Appellant argues nonetheless that he has repeatedly pressed for prompt resolution of the charges against him, that detention of a juvenile without trial for more than 200 days "far exceeds anything this Court or the Supreme Court has approved," and that the record reveals nothing other than the unavailability of a prosecutor and inconvenience to the trial court (planned summer absences, for example) as the reason why he could not be tried during July or early August.
We do not minimize this court's obligation to monitor carefully the length of pretrial confinement of a juvenile charged with crimes, Schall, supra; indeed, the trial court's own rules require it to give "[p]riority in calendaring ... to cases in which the child is in detention or shelter care as far as practicable." Super.Ct.Juv.R. 50. Thus, the length of the confinement in this case is very troublesome. But several reasons persuade us that we should not reverse the trial court's refusal to lift the detention order. First, as indicated, appellant would have been brought to trial in June but for his attorney's illness; the reduced availability of judges to try cases during the summer is a reality that cannot be ignored. Second, appellant sought relief in this court for the first time on August 11, 1994, thus insuring (after allowance of an opportunity for the government to respond) that a decision by the court could not be rendered until less than a month before the scheduled trial date. As explained in Kleinbart v. United States, 604 A.2d 861, 872 n. 18 (D.C.1992), one factor courts consider in deciding whether the length of pretrial detention violates due process is "how long the detainee can [still] expect to remain detained awaiting trial...." Third, a decision on the constitutionality of appellant's detention in this case would have a strong advisory element, since it is unlikely it would lead to his release in any event. The parties inform us that on June 1, 1994, appellant was separately charged with threats to do bodily harm (D.C.Code § 22-507 (1989)), on allegations that he had threatened to kill a counselor at the Receiving Home where he was being detained. Judge Wertheim found probable cause on that charge and ordered appellant detained in the Children's Center pending a status hearing in that case on September 15. No challenge to the validity of this concurrent detention is before us. Thus, at the time that the September 15 trial date was scheduled, an earlier trial date would not have enhanced appellant's prospects of prompt release. And, beyond making it doubtful that appellant would be released before September 15 in any event, the threats incident fortifies the trial court's *64 February conclusion that lesser restrictions on appellant's liberty would pose a significant danger to the community.
Accordingly, we deny the motion for summary reversal and grant the government's motion for summary affirmance of the pretrial detention order. Should trial in neither of appellant's cases begin on September 15, he may request reconsideration of his detention by the trial court at that time, and then seek any necessary relief from this court.
So ordered.
NOTES
[1] Section 16-2312 provides, in part, that when a child taken into custody is not released "with all reasonable speed" as provided in § 16-2311, the judge shall hold a prompt detention or shelter care hearing at the conclusion of which the judge shall either release the child or "order detention or shelter care...."