**Syrita HAWKINS, et al., Appellants,**

v.

**W.R. BERKLEY CORPORATION, Appellee.**

**No. 05–CV–14.**

District of Columbia Court of Appeals.

Argued Nov. 3, 2005.

Decided Dec. 22, 2005.

Jason A. Kerpelman, Washington, DC, for appellants.

Jeffrey R. DeCaro, Lanham, MD, for appellee.

Before SCHWELB and REID, Associate Judges, and FERREN, Senior Judge.

FERREN, Senior Judge.

Appellant Patricia Lynn Hawkins, individually and on behalf of a minor, Syrita Hawkins, filed an action for declaratory judgment against appellee, W.R. Berkley Corporation. Hawkins claimed that the lead paint exclusion in a general liability insurance policy issued to her landlord, Albert Goins,[1] by a wholly-owned subsidiary of Berkley (Fireman's Insurance Company of Washington, D.C.) was void as against public policy.[2] The trial court granted Berkley's motion for summary judgment, and Hawkins appealed.[3]

The trial court had not ruled on Berkley's earlier motion to dismiss for lack of personal jurisdiction over Berkley. Rather, the court deferred consideration of jurisdiction and ruled for Berkley on the merits. It is unclear from the record whether the court had personal jurisdiction—either on the facts, or because Berkley waived its jurisdictional argument by going forward to defend the lawsuit. Accordingly, we must vacate the order granting summary judgment and remand the case to the trial court for such a determination. A merits ruling was inappropriate absent a preliminary ruling that the court had jurisdiction to enter a judgment.

## I.

In its Motion to Dismiss or for Summary Judgment in August 2003, Berkley argued that it is merely the holding company of Fireman's; that it is incorporated in Delaware and has its principal place of business in Greenwich, Connecticut; that it has never qualified to do business in the District of Columbia;[4] that it does not have an office or mailing address in the District of Columbia; and that it has not had any contact within the District of Columbia. In October 2003, the trial court denied Berkley's motion to dismiss and held in abeyance the determination of personal jurisdiction pending more discovery on the issue. In March 2004, Berkley filed its answer to the complaint and again contended that the trial court lacked personal jurisdiction.

In July 2004, Berkley filed a second Motion for Summary Judgment and claimed among other things that the trial court lacked personal jurisdiction. In response, Hawkins not only filed her opposition to the summary judgment motion but also filed a Motion to Compel Discovery contending that Berkley had not answered a supplemental interrogatory sent to Berkley in April 2004 regarding the factual

---

1. Hawkins filed a separate suit against Albert Goins that is currently being held in abeyance pending the outcome of this case.

2. Hawkins did not file a claim against Fireman's or against International Risk, Inc., the agent who sold the policy to Albert Goins.

3. We reject Berkley's argument that Hawkins lacked standing to sue her landlord's insurer who she alleges is responsible for the lead paint exclusion. See *Bankers Trust Co. v. Old Republic Ins. Co.*, 959 F.2d 677, 682 (7th Cir.1992).

4. Based on Berkley's later "Reply of Defendant, W.R. Berkley Corporation to Plaintiff's Opposition to Defendant's Motion to Dismiss," we surmise that Hawkins filed an opposition to Berkley's motion to dismiss, but that opposition is not in the record. The issue of personal jurisdiction is not addressed in Berkley's reply.

basis for Berkley's jurisdictional contention. In this motion, Hawkins argued that she could not properly respond to the pending motion for summary judgment without Berkley's response to her supplemental interrogatory. In August 2004, Berkley filed its opposition to the motion to compel and attached all of its responses to Hawkins' requests for discovery. In response to Hawkins' request for "All documents supporting the contention that the Superior Court has no personal jurisdiction over Defendant," Berkley stated:

> As indicated in the Affidavit appended hereto, W.R. Berkley Corporation is a holding company incorporated in the State of Delaware. Berkley's corporate headquarters are located in Greenwich, Connecticut. W.R. Berkley Corporation is not an insurance company, nor does it have any office or other business location in the District of Columbia.

In the affidavit attached to this response, Robert P. Cole, the Senior Vice President of Regional Operations for Berkley, simply affirmed what is stated above.

The trial court denied Hawkins' motion to compel as moot and granted summary judgment in favor of Berkley. The court relied on our decision in *Redmond v. State Farm Ins. Co.*, 728 A.2d 1202 (D.C.1999)— a decision that did not consider the public policy argument advanced by Hawkins. The court thus disposed of the case without addressing whether Berkley was a proper defendant, or whether the court had personal jurisdiction over Berkley.

## II.

On appeal, Berkley expresses its jurisdictional objection as part of its contention that Hawkins had brought her claim for declaratory judgment against the wrong party. As a result, Berkley does not address the issue of personal jurisdiction separately from that contention; Berkley simply repeats that it is a holding company and that Fireman's—the insurer—is a wholly owned subsidiary. Nor does Hawkins address on appeal the issue of personal jurisdiction; she argues only the merits of her case.

From the record, it is unclear whether the trial court has personal jurisdiction over Berkley. *See Leichtman v. Koons*, 527 A.2d 745, 747 (D.C.1987) (reversing summary judgment for plaintiff because "genuine factual dispute existed" as to whether trial court had personal jurisdiction over defendant). The trial court held that issue in abeyance in its order denying Berkley's motion to dismiss and never revisited the issue. The record does not contain evidence sufficient for this court to rule as a matter of law on whether personal jurisdiction over Berkley can be found under the District's Long Arm Statute,[5] or whether Berkley could be construed as an agent or alter ego of Fireman's,[6] or whether Berkley waived personal jurisdiction by actively participating in the case.[7]

---

5. D.C. CODE ANN. § 13–423 (2001).

6. *See, e.g., Jemez Agency Inc. v. CIGNA Corp.*, 866 F.Supp. 1340 (D.N.M.1994) (two-prong test for court to exercise personal jurisdiction over a parent corporation).

7. *See, e.g., Brokerwood Prods. Int'l v. Cuisine Crotonè, Inc.*, 104 Fed. Appx. 376 (5th Cir. 2004) (defendant may waive a properly pleaded personal jurisdiction defense by failing to pursue the defense after including it in an answer); *Yeldell v. Tutt*, 913 F.2d 533 (8th Cir.1990) (court found waiver when defendant provided nothing more than a bald assertion that court lacked personal jurisdiction and proceeded through discovery, motions, a trial, and post-trial proceedings without raising objections to personal jurisdiction or requesting a ruling on it); *Peterson v. Highland Music, Inc.*, 140 F.3d 1313 (9th Cir.1998) (discussion of "sandbagging" that militates in favor of finding waiver).

When confronted by both a motion to dismiss for lack of personal jurisdiction and a motion to dismiss for failure to state a claim or for summary judgment, the federal district courts routinely follow a general rule requiring them to resolve personal jurisdiction before addressing a dispositive motion on the merits.[8] Sitting en banc, the U.S. Court of Appeals for the Second Circuit enforced that rule in *Arrowsmith v. United Press Int'l,* 320 F.2d 219 (2d Cir.1963) (en banc), a libel action, in which Judge Friendly wrote:

> Not only does logic compel initial consideration of the issue of jurisdiction over the defendant—a court without such jurisdiction lacks power to dismiss a complaint for failure to state a claim—but the functional difference that flows from the ground selected for dismissal likewise compels considering jurisdiction and venue first. A dismissal for lack of jurisdiction or improper venue does not preclude a subsequent action in an appropriate forum, whereas a dismissal for failure to state a claim upon which relief can be granted is with prejudice.

The U.S. Court of Appeals for the First Circuit took a different approach, however, in sustaining a district court's dismissal of the complaint in a RICO for failure to state a claim without addressing the motion to dismiss for lack of personal jurisdiction. In *Feinstein v. Resolution Trust Corp.,* 942 F.2d 34 (1st Cir.1991), the panel noted that "courts should ordinarily satisfy jurisdictional concerns before addressing the merits of a civil action." *Id.* at 40. But, said the court,

> the rule is not mechanically to be applied. In this case, the district court's subject matter jurisdiction was plain, [citation omitted], and those defendants who raised both jurisdictional and substantive defenses to the suit lodged no complaint about the court's determination as to how it might most expeditiously dispose of the pending motions. The requirement that a court possess *in personam* jurisdiction is a shield to protect the interests of an affected defendant—and, like most shields, can be discarded by the bearer. A defendant over whom a court lacks *in personam* jurisdiction may, for example, waive the defense. [citations omitted] Where, as here, the affected defendant does not insist that the jurisdictional issue be determined first, and no special circumstances exist, we cannot fault the district court for eschewing difficult jurisdictional and venue-related issues in favor of ordering dismissal on the merits. [citation omitted] *Id.*

In a different context, in a felony murder case in which the defendant sought dismissal of the charge on double jeopardy grounds, this court noted the government's jurisdictional arguments based on lack of a timely appeal, "assume[d], without deciding, that we ha[d] jurisdiction," and affirmed the judgment of conviction because the merits claim was "insubstantial" in

---

**8.** *See, e.g., Smith v. City of Grand Forks,* 478 N.W.2d 370 (N.D.1991) (insufficiency of service); *Britton v. Cann,* 682 F.Supp. 110 (D.N.H.1988) (diversity jurisdiction); *Rios v. Marshall,* 530 F.Supp. 351 (S.D.N.Y.1981); *General Foods Corp. v. Haines & Co.,* 458 F.Supp. 1167 (D.Del.1978) (long-arm jurisdiction); *Willis v. Semmes, Bowen & Semmes,* 441 F.Supp. 1235 (E.D.Va.1977) (long-arm jurisdiction); *Bruce v. Fairchild Indus., Inc.,* 413 F.Supp. 914, 916 (W.D.Okla.1974) (long-arm jurisdiction); *Allied Poultry Co. v. Polin,* 134 F.Supp. 278, 279 (D.Del.1955) (diversity jurisdiction); WRIGHT & MILLER, 5A FEDERAL PRACTICE AND PROCEDURE § 1351, at 270 (4th ed. 2004) ("As a general rule, when the court is confronted by a motion raising a combination of Rule 12(b) defenses, it will pass on the jurisdictional issues before considering whether a claim was stated by the complaint.").

light of binding precedent. *Childs v. United States,* 760 A.2d 614, 617 (D.C.2000) (citing *Norton v. Mathews,* 427 U.S. 524, 532–533, 96 S.Ct. 2771, 49 L.Ed.2d 672 (1976)).[9]

In the present case, the trial court relied on our *Redmond* decision, *supra,* and did not consider the public policy claim here asserted by Hawkins. The public policy issue is apparently one of first impression, and it should not be addressed first where, as here there is doubt about the court's jurisdiction to decide the matter.

Nor, as in *Feinstein,* is this a case in which "the affected defendant does not insist that the jurisdictional issue be determined first," or in which "no special circumstances exist." *Id.,* 942 F.2d at 40. The defendant-appellee, Berkley, persisted in defending on jurisdictional grounds along with its merits defense. As in *Arrowsmith,* moreover, the jurisdictional issue is complicated by the absence of record facts that would allow this court to resolve it and move on to the merits. There is a serious question whether Hawkins sued the right defendant. If she did not—if Berkley's subsidiary, Fireman's, is the correct defendant—then a merits ruling in favor of the wrong defendant would leave open the question of preclusion once Hawkins sued the proper defendant. It would be anomalous, to say the least, if it were to turn out that only Fireman's is a proper defendant, and that either Hawkins or Fireman's would seek to rely on a merits ruling from this court that was applicable, as it turned out, to a defendant— Berkeley—over whom this court had no jurisdiction.

9. *Childs* thus did not present a question of personal jurisdiction. We refer to *Childs,* however, to show how its reasoning that would allow a merits ruling on the basis of assumed jurisdiction would bear on the facts

For the foregoing reasons, therefore, we must conclude that the trial court erred in declining to determine whether there was personal jurisdiction over Berkley before granting summary judgment on the merits. The order granting summary judgment is hereby vacated, and the case is remanded for further proceedings consistent with this order.

*So ordered.*

of this case. We have since followed the *Childs* approach in more than one case. *See, e.g., Boy Scouts of Amer. v. District of Columbia Human Rights Comm'n,* 809 A.2d 1192, 1196–1197 n. 4 (D.C.2002).