**In re J.B., Appellant.**

**In re T.D., Appellant.**

**Nos. 06–OA–21, 06–FS–941, 06–OA–23, 06–FS–937.**

District of Columbia Court of Appeals.

Submitted Aug. 23, 2006.
Decided Aug. 31, 2006.

---

James Klein, Jaclyn Frankfurt, and Alice Wang, Public Defender Service, filed a motion for summary reversal and, in the alternative, a petition for writ of mandamus on behalf of each appellant.

Robert J. Spagnoletti, Attorney General for the District of Columbia, Todd Kim, Solicitor General, Rosalyn Calbert Groce, Deputy Solicitor General, and Sidney R. Bixler and Janice Y. Shepard, Assistant Attorneys General, filed an opposition to the motion for summary reversal and the petition for writ of mandamus, as well as a motion for summary affirmance, in each case.

Before WASHINGTON, Chief Judge, FARRELL, Associate Judge, and TERRY, Senior Judge.

**PER CURIAM:**

Rule 32 (a) of the Superior Court Rules Governing Juvenile Proceedings provides, among other things, that if a juvenile has pleaded guilty to or been found guilty of a criminal offense and is detained pending the disposition hearing, the court "shall schedule a disposition hearing to be held within 15 days, and shall adjourn the proceedings to await the preparation of a predisposition report."[1] The juveniles in the two consolidated appeals before us each pleaded guilty on August 8, 2006, to criminal offenses, and the court in each case postponed a disposition hearing until September (September 5 in the case of appellant J.B., September 8 in the case of appellant T.D.) to await preparation of a predisposition report by the Director of Social Services. Appellant in each case has filed a motion for summary reversal, or in the alternative a petition for a writ of mandamus, contending that Rule 32(a) deprived the court of the authority to schedule a disposition hearing more than fifteen days beyond the date of entry of the guilty plea. The District of Columbia has moved for summary affirmance in each case.

We deny the motions for summary reversal and the petitions for mandamus, and grant the motions for summary affirmance. Assuming *arguendo* that the trial court's scheduling orders are appealable,[2]

1. The "disposition hearing may be held immediately if all parties consent and waive preparation of the predisposition report." Super. Ct. Juv. R. 32(a).

2. Appellants rely on the collateral-order doctrine, *see generally In re Estate of Tran Van Chuong*, 623 A.2d 1154 (D.C.1993), arguing in particular that their right to a prompt disposition hearing in accordance with the rule—and conversely their right not to be detained excessively prior to that hearing—would be lost if they must await the disposition in order to appeal from the alleged rule violation. The District responds that only in the *pretrial* detention context (not the post-adjudication,

pre-sentence setting) have we accepted this liberty-based argument for an interlocutory appeal. *See, e.g., In re M.L. DeJ.*, 310 A.2d 834, 835 (D.C.1973). We pretermit decision on the jurisdictional dispute in favor of resolving the merits of appellants' interpretation of Rule 32(a). *See, e.g., Hawkins v. W.R. Berkley Corp.*, 889 A.2d 290, 294 n. 9 & accompanying text (D.C.2005); *Boy Scouts of Am. v. District of Columbia Comm'n on Human Rights*, 809 A.2d 1192, 1197 n. 4 (D.C.2002) ("[O]ur decisions enable us to pretermit [a jurisdictional] issue where alternative grounds clearly dictate the correct resolution of the appeal.").

we hold that Rule 32(a)'s requirement that a disposition hearing be held within fifteen days is directory, not mandatory, and that the trial court does not exceed its authority by extending that period for a reasonable length of time in order to obtain the benefits of a predisposition report.

*First,* we have said that verbs such as "shall"

> may be construed as directory if they do not relate to the limits of power or jurisdiction, but to the manner in which the power is to be exercised. Where the time, or manner of performing the action directed by the statute is not essential to its purpose, provisions in regard to time or method are generally interpreted as directory only.

*In re D.H.,* 666 A.2d 462, 470 (D.C.1995) (citation and internal quotation marks omitted). As we went on to say specifically in *D.H.:*

> Insofar as our juvenile code is concerned, Congress identified its purposes to be the protection of the community and the child through treatment and rehabilitation. An interpretation which requires the trial court to dismiss for failure to meet strict time provisions such as those involved here[3] would not advance those purposes.

*Id.* (citations omitted). In the present cases, too, an interpretation of Rule 32(a) compelling the court to enter a disposition (or release the juvenile) without benefit of a predisposition report where preparation of the report will take longer than fifteen days would not advance the purposes of the juvenile code.

*Second,* interpreting the fifteen-day requirement mandatorily as appellants do would create, at the least, a strong tension between the Superior Court rule and the statute governing the same subject matter. D.C.Code § 16–2317(c)(2) provides that, following an adjudication of delinquency, the court "may postpone a dispositional hearing to await the predisposition study and report of the Director of Social Services...." The statute does not limit the length of that postponement, presumably evincing a legislative judgment that such a limitation could artificially deny the court information necessary to reaching a just disposition. Appellants' reading of Rule 32(a) would amount to engrafting a time limitation on § 16–2317(c) which the legislature declined to impose. As we have made clear on previous occasions, a court rule governing juvenile proceedings—or adult criminal proceedings—may not contradict a statute governing the same subject matter. *See In re D.L.,* No. 04–FS–1594, 904 A.2d 367, at 372 n. 9, 2006 D.C.App. Lexis 437, at *15 n. 9 (D.C. August 3, 2006); *In re K.H.,* 647 A.2d 61, 63 (D.C.1994); *see also Flemming v. United States,* 546 A.2d 1001 (D.C.1988).

None of this is to say that the trial court may continue indefinitely the predisposition confinement of a juvenile to await the preparation of a predisposition report.[4] Rule 32(a) serves as an important injunction to the court and the Director to avoid prolonged detention of delinquent juveniles pending disposition, especially when the end result may be a determination by the court that confinement for the offense—rather than probation—is unnecessary. In

---

**3.** *In D.H.,* the time provision involved was D.C.Code § 16–2305(d) (2001), which requires a delinquency petition to be filed by the Corporation Counsel (now the Attorney General for the District of Columbia) within seven days after a complaint has been referred to the Director of Social Services.

**4.** We reject the District's alternative argument that the brief interim hearings held by the court in each case *were* the "disposition hearing" contemplated by the rule and statute. A proceeding at which the court merely postpones disposition to await preparation of a report is not a "disposition hearing."

these cases, however, the trial court adjourned the proceedings for approximately one month in the reasonable belief that such time was necessary for preparation of comprehensive reports.[5]  Nothing in the record suggests any lack of awareness by the court or the Director of the need to proceed with disposition as soon as practicable.

Accordingly, the petitions for writ of mandamus are denied, and the orders of the Superior Court under review are

*Affirmed.*

5.  In the case of appellant J.B., for example, the court was told on August 11 that it would take six weeks for the social study report to be completed, as part of which a psychological evaluation of the juvenile was necessary.