Ardeshir YAZDANI, Appellant

v.

ACCESS ATM, Appellee.

No. 06–CV–1482.

District of Columbia Court of Appeals.

Argued Jan. 10, 2008.

Decided Jan. 31, 2008.

Robert S. Madancy, Jr., pro hac vice, with whom Harvey S. Williams, was on the brief, for appellant.

Eric S. Parnes, with whom Kevin T. Abikoff, Washington, DC, was on the brief, for appellee.

Before WASHINGTON, Chief Judge, and FARRELL and FISHER, Associate Judges.

FISHER, Associate Judge:

Dealing with a person who claimed to be an authorized agent of Access ATM (appellee or Access), appellant Ardeshir Yazdani signed agreements to purchase and install an ATM machine in his coffee shop. He gave the salesman nearly $7,000, but the ATM never arrived, and the money was not returned. Access disclaimed any responsibility for the salesman's actions, asserting that he was not an authorized representative and that it had not received any of the money. Mr. Yazdani now chal-

lenges the dismissal of his claims against Access for breach of contract, fraud, and RICO violations. We affirm the trial court's ruling that the forum-selection clause contained in the contract requires that appellant's claims be brought in Texas.

The trial court based its ruling on two independent grounds. First, the court ruled that it lacked personal jurisdiction over the defendant. Second, the contract at issue (which consisted of integrated sales and service agreements) "contained an unambiguous forum selection clause which specified that venue for any action arising from the service agreement would be in Houston, Texas."[1] We affirm on the second ground without deciding the merit of the first. *See Synanon Foundation, Inc. v. Bernstein,* 503 A.2d 1254, 1255 (D.C.1986).

■■■■ These are, indeed, independent grounds. A forum-selection clause does not deprive the court of personal jurisdiction. *See The Bremen v. Zapata Off–Shore Co.,* 407 U.S. 1, 12, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972) ("No one seriously contends in this case that the forum-selection clause 'ousted' the District Court of jurisdiction over Zapata's action."); *Evolution Online Systems, Inc. v. Koninklijke PTT Nederland N.V.,* 145 F.3d 505, 509–10 (2d Cir.1998) ("Under *M/S Bremen,* a mandatory forum-selection clause does not 'oust the jurisdiction' of the court. . . ."). Con-versely, even if the trial court had personal jurisdiction over the defendant, it could dismiss the action in order to enforce the forum-selection clause. *See Overseas Partners, Inc. v. PROGEN Musavirlik ve Yonetim Hizmetleri, Ltd. Sikerti,* 15 F.Supp.2d 47, 51, 55 (D.D.C.1998) (personal jurisdiction over defendants established, but claims dismissed because of forum-selection clause); *see also Lien Ho Hsing Steel Enterprise Co. v. Weihtag,* 738 F.2d 1455, 1460, 1462 (9th Cir.1984) (affirming ruling of district court, which had dismissed suit based on forum-selection clause although requirements for *in personam* jurisdiction had been met).

■■■■ This court has recognized the modern trend toward enforcing forum-selection clauses, noting that " 'such clauses are [now] prima facie valid and [will] be enforced unless enforcement is shown by the resisting party to be "unreasonable" under the circumstances.' " *Forrest v. Verizon Communications, Inc.,* 805 A.2d 1007, 1010 (D.C.2002) (quoting *Bremen,* 407 U.S. at 10, 92 S.Ct. 1907). Appellant makes no argument that the clause was not reasonably communicated in the service agreement. *See id.* at 1010. Nor has he seriously contended that the clause is unreasonable.[2]

■■■■ Appellant does, however, argue that the forum-selection clause is ambiguous and that the ambiguity should be resolved against the drafting party, thus

---

1. In denying appellant's subsequent motion to alter or amend the judgment, the trial court discussed these reasons in more detail.

2. To demonstrate unreasonableness, appellant would have to show that "(i) [the clause] was induced by fraud or overreaching, (ii) the contractually selected forum is so unfair and inconvenient as, for all practical purposes, to deprive the plaintiff of a remedy or of its day in court, or (iii) enforcement would contravene a strong public policy of the [forum] where the action is filed." *Forrest,* 805 A.2d at 1012. To be sure, appellant argues that "[e]quity demands that the D.C. Court provide its protections to local business owners who have been defrauded *inside their own establishments* by agents of foreign corporations *without forcing them to travel to distant* forums to attain redress." This sweeping argument and its logical corollaries would invalidate most such clauses. It does not amount to demonstrating that this particular clause is invalid.

leaving the trial court free to entertain his claims. He suggests that ¶ 3 and ¶ 9 (both of which discuss jurisdiction or venue) should be read in conjunction and, if so linked, would mean only that "the Merchant [is required to] submit[ ] to venue in Houston for actions brought by Access for contract violations committed by the merchant." But a "contract is ambiguous when, and only when, it is ... reasonably or fairly susceptible of different constructions or interpretations, or of two or more different meanings...." *Holland v. Hannan*, 456 A.2d 807, 815 (D.C.1983). Appellant's gloss is not a fair or reasonable interpretation of ¶ 9, which plainly provides that "venue *for any action* arising out of this Agreement shall be in Houston, Harris County, Texas." (Emphasis added.)

■ Appellant also asserts that appellee cannot rely upon the forum-selection clause in a contract that it simultaneously disavows. The D.C. Circuit rejected a similar claim in *Marra v. Papandreou*, 342 U.S.App. D.C. 276, 282, 216 F.3d 1119, 1125 (2000), calling the forum-selection clause a "condition precedent to suit under the contract, binding equally on both parties." Moreover, it was "severable from the contract in which it [was] contained." *Id.*, 342 U.S.App. D.C. at 282, 216 F.3d at 1125. The denial of the contractual obligations relieves only the duties under the contract, but "that action does not work a repudiation of the forum-selection clause unless it is specifically directed at the clause itself." *Id.* Here, the repudiation by Access is not directed at the forum-selection clause, and thus the clause continues to apply to both parties, notwithstanding appellee's disavowal of the remainder of the contract.

■ At oral argument, appellant asserted that he is no longer suing on the written contract, but rather is asserting a claim for breach of an oral contract, along with his fraud and RICO claims. For this reason, he urges, the forum-selection clause is inapplicable. This strategic retreat comes much too late. Appellant's amended complaint clearly alleges breach of a written contract. Moreover, this court dealt with a similar maneuver in *Forrest.* Addressing a substantially similar contract provision, we looked at whether the forum-selection clause governed the plaintiff's tort and statutory claims as well as the breach-of-contract claim. *Forrest,* 805 A.2d at 1014. The court "follow[ed] the number of courts that have held that non-contract claims that involve the same operative facts as a parallel breach of contract claim fall within the scope of a forum selection clause." *Forrest,* 805 A.2d at 1014; *see also Marra,* 342 U.S.App. D.C. at 281 & n. 4, 216 F.3d at 1124 & n. 4 (expropriation claim, while distinct from the principal breach-of-contract action at issue, was "wholly derivative" of the breach claims and covered by the "broad language" of the forum-selection clause). We follow the *Forrest* court's analysis and hold that all of appellant's claims presented in this case are subject to the forum-selection clause.

■ Because appellee has contested personal jurisdiction, we must also consider whether the court may enforce the forum-selection clause without first determining that the defendant/appellee is properly before the court. As a general rule, "[w]hen confronted by both a motion to dismiss for lack of personal jurisdiction and a motion to dismiss for failure to state a claim or for summary judgment, the federal district courts routinely ... resolve personal jurisdiction before addressing a dispositive motion on the merits." *Hawkins v. W.R. Berkley Corp.,* 889 A.2d 290, 293 (D.C.2005); *see id.* at 294 ("the trial court erred in declining to determine

whether there was personal jurisdiction over Berkley before granting summary judgment on the merits"); *see also Steel Co. v. Citizens for a Better Environment,* 523 U.S. 83, 93–102, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998). However, this rule is not absolute. A determination on " '[j]urisdiction is vital only if the court proposes to issue a judgment on the merits.' " *Sinochem International Co. v. Malaysia International Shipping Corp.,* —— U.S. ——, ——–——, 127 S.Ct. 1184, 1191–92, 167 L.Ed.2d 15 (2007) (quoting *Intec USA, LLC v. Engle,* 467 F.3d 1038, 1041 (7th Cir.2006)). As the Court explained in *Sinochem,* "[b]oth *Steel Co.* and *Ruhrgas* recognized that a federal court has leeway 'to choose among threshold grounds for denying audience to a case on the merits.' " 127 S.Ct. at 1191 (quoting *Ruhrgas AG v. Marathon Oil Co.,* 526 U.S. 574, 585, 119 S.Ct. 1563, 143 L.Ed.2d 760 (1999), and citing *Steel Co.,* 523 U.S. at 100–01 n. 3, 118 S.Ct. 1003).

Where no judgment on the merits will issue, such as in a dismissal on *forum non conveniens* grounds, "[a] district court … may … bypass[ ] questions of subject-matter and personal jurisdiction, when considerations of convenience, fairness, and judicial economy so warrant." *Sinochem,* 127 S.Ct. at 1192; *see also Sucampo Pharmaceuticals, Inc. v. Astellas Pharma, Inc.,* 471 F.3d 544, 550 n. 3 (4th Cir.2006) ("Because a district court has the discretion to dismiss on the basis of improper venue before reaching the issue of personal jurisdiction, the district court did not err in dismissing Sucampo's complaint on the basis of the forum-selection clause without addressing Astellas's personal jurisdiction objections."); *Fixture Specialists, Inc. v. Global Construction Co., L.L.C.,* No. 07–570, 2007 WL 3468997, at *1 (E.D.Va., Nov. 14, 2007) ("district court may dismiss a suit on the basis of a forum-selection clause without addressing whether it has jurisdiction over the parties").

Although the court in *Marra* did not resolve the question of whether enforcing a forum-selection clause was a "non-merits route to dismissal," it noted several arguments in favor of such a ruling. *Marra,* 342 U.S.App. D.C. at 279–80, 216 F.3d at 1122–23. Because the forum-selection clause is distinct from the remainder of the contract, when enforcing such a clause the court is not "making an assumption of law-declaring power vis-a-vis other provisions of the contract." *Marra,* 342 U.S.App. D.C. at 280, 216 F.3d at 1123 (internal quotations omitted). In addition, a forum-selection clause defense is similar to a venue objection raised in a *forum non conveniens* motion. *Id.* (noting that "Judge Posner has observed[ that] a forum-selection clause is best understood as a potential defendant's *ex ante* agreement to waive venue objections to a particular forum").

We agree with this analysis. In our most significant case addressing a forum-selection clause, we have already pointed out that dismissals on this basis are non-merits rulings which do not preclude filing in the proper jurisdiction. *Forrest,* 805 A.2d at 1012 ("Even if the forum selection clause is enforced, appellant can still have his day in court."). Furthermore, other courts have considered dismissals based on forum-selection clauses to be non-merits rulings. *See, e.g., Sucampo Pharmaceuticals, Inc. v. Astellas Pharma, Inc.,* 471 F.3d at 549–50 (dismissal on the basis of forum selection clause is a non-merits ruling and properly treated under Fed. R.Civ.P. 12(b)(3) as a motion to dismiss for improper venue); *Fixture Specialists,* 2007 WL 3468997, at *1 ("district court may dismiss a suit on the basis of a forum-selection clause without addressing whether it has jurisdiction over the parties" (cit-

ing *Sinochem International Co.*, 127 S.Ct. at 1191, for proposition that federal court may choose among threshold grounds for dismissing a suit)). Finally, "where subject-matter or personal jurisdiction is difficult to determine, and *forum non conveniens* considerations weigh heavily in favor of dismissal, the court properly takes the less burdensome course." *Sinochem,* 127 S.Ct. at 1194.

Bypassing the issue of personal jurisdiction in this case is consistent with our holding in *Hawkins.* Establishing personal jurisdiction was vital in that case because there was "a serious question whether Hawkins sued the right defendant," and the trial court's dismissal was "on the merits." *Hawkins,* 889 A.2d at 294. "[A] merits ruling in favor of the wrong defendant would leave open the question of preclusion once Hawkins sued the proper defendant." *Id.* at 294. *Hawkins* did not address a situation like that presented here, and in *Sinochem,* where a court was choosing "among threshold grounds for denying audience to a case on the merits." *Sinochem,* 127 S.Ct. at 1191 (internal quotation marks and citation omitted).

In our case, enforcing the forum-selection clause is not a ruling "on the merits," and it would not preclude litigation in the proper forum. (By contrast, the question of agency is at the heart of the jurisdictional issue in this case, and it also is central to appellant's claims on the merits. Resolving the issue of personal jurisdiction would overlap with the merits of appellant's claims.) Furthermore, a holding based on the forum-selection clause would not resolve any public policy issues as a matter of first impression. *Cf. Hawkins,* 889 A.2d at 294 (public policy issue of first impression was presented and "should not be addressed first where, as here, there is doubt about the court's jurisdiction to decide the matter"). Finally, although ap-

pellee has "persisted in defending on jurisdictional grounds," *Hawkins,* 889 A.2d at 294, it has not insisted on a jurisdictional ruling. Rather, it has described the threshold issues as "independent" and has argued those separate grounds "in the alternative." Appellee's Brief at 14 ("Regardless of whether the Superior Court has jurisdiction over Access, [the forum-selection clause precludes litigation in this jurisdiction.]").

For these reasons, the trial court's ruling dismissing the amended complaint based on the forum-selection clause is hereby affirmed.